## NOYES V. MOOR.

.An agreement concerning lands executed on one part, is not within the Statute of Frauds and Perjuries.

ACTION of *assumpsit*, declaring — That in April last, the ·defendant applied to the plaintiff to procure for him a deed

Noyes v. Moor.

from John Bacon and wife of a tract of land, particularly described, through which ran a stream of water, and the privilege of raising the water three feet higher, than a dam then standing on Joshua Powers's land; and proposed and engaged that in case the plaintiff would procure for him said deed, he would give his note for such sum as Messrs. Seldon, Eli and Lewis should appraise it to be worth; to which the plaintiff agreed, and promised to procure said deed from said Bacon and wife of said land and privilege, for the defendant, on or before the second Tuesday of June then next; and the defendant in consideration thereof, assumed and promised to give his note to the plaintiff, upon said deed's being procured for the sum it should be estimated to be worth by said Seldon, etc. And the plaintiff says that said Seldon, etc. estimated it to be worth £83 lawful money; and before said second Tuesday, viz. on the 10th of said June, he procured and offered and tendered to the defendant a good authentic deed of said land and privilege from said John Bacon and wife, and ever since hath stood ready to deliver said deed, and in all things hath performed on his part; and the defendant refused to give his note as aforesaid, or in any way or manner to perform his promise, etc. damage £100, per writ dated 2d of October A. D. 1788.

Plea in bar — That said contract was for the transferring of lands and for no other consideration and was not reduced to writing, nor any memorandum thereof made; and by the Statute to Prevent Frauds and Perjuries no action is maintainable upon it. Demurrer to the plea.

Judgment — Plea insufficient.

By the Court. This action is not within the statute; which extends to executory agreements and not to agreements executed on one part as this is; nor does the law mean to put it in the power of the defendant to take advantage of his own wrong to impose a gross fraud upon the plaintiff, as would be the case, if after the plaintiff had procured a deed from said Bacon, etc. to the defendant and paid or given security for the land, the defendant might be at liberty to depart from his agreement.

This statute is nearly a copy of a statute in Great Britain, made the 29th of Charles II. almost 100 years before; which by a long course of decisions had obtained a settled meaning and construction, with which the legislature of Connecticut, it must be supposed, were acquainted; and which will afford much light in the construction of ours. That a parol agreement concerning land, executed on one part is not within either the letter or the spirit of the statute which contemplated parol agreements, merely executory, is clear; for where the money is paid, or the deed is given, and the agreement executed on one part, natural justice requires that the other part should be performed:— And in such case, the proof of the agreement does not stand upon parol evidence only; but upon the execution on one part.

Accordingly it was adjudged at New Haven, February term, A. D. 1773, in an action of *assumpsit*, brought by Submit Tainter against Joseph Brockway, declaring that in consideration of £600 lawful money, which the plaintiff promised to pay the defendant for a certain farm, described in the declaration, and of $3 earnest money in part received by him, he assumed and promised to give her a deed of said farm in a fortnight, etc. which he had not done. The defendant plead the statute in bar; and that said agreement was by parol and no memorandum made of it in writing; and a demurrer to the plea. The judgment was — That the plea was sufficient; the agreement set forth in the declaration, is clearly within the statute, and the payment of the $3 earnest money, as it is called, is not such an execution on one part, as to take it out of the statute.

And it was determined at Hartford adjourned Superior Court, A. D. 1777, on a writ of error, brought by Oliver Clark v. William Brown and wife, to reverse a judgment of the County Court, in an action, Brown and wife v. Clark; declaring that in consideration of a deed of a certain piece of land executed to said Clark, by the wife of said Brown, when a *feme sole;* said Clark assumed and promised to pay her £14 lawful money, which he had never performed. The de-

fendant demurred to the declaration, and judgment of the County Court, that the declaration was sufficient, and for the plaintiff to recover.

Errors assigned — 1st. That there is no direct averment that said deed was ever delivered.    2d. That the promise is by parol and within the Statute to Prevent Frauds and Perjuries.

Judgment of the Superior Court — That there is nothing erroneous, in the judgment complained of.    For upon a general demurrer advantage is not to be taken of the statute, for there may be a memorandum in writing which may be produced in evidence, that is not alleged in the declaration. But further, this action is not within the statute; for it is not laid upon the parol agreement only, but upon the agreement executed on one part.    Gilb. Court Chancery, 231; 1 Bac. Ab. 74 and 75; 2 Stra. 785; 1 Blac. Rep. 600; and Chapman v. Allin, adjudged at Windham, March Term, A. D. 1788, Kirby's Reports 399.

This judgment of Noyes v. Moor was reversed in the Supreme Court of Errors.    The reasons have not been given as I have been able to find.