## KING AND ANOTHER *vs.* WOODRUFF AND ANOTHER.

Where a tenant, under a parol agreement, has enjoyed the use of land, according to the stipulated terms of such agreement, parol evidence is admissible to prove the sum agreed to be paid therefor.

A leased to the defendants, by parol, certain premises, at the rent of $1,000, *per annum*, for the term of one year, with the privilege of occupying the same, for five years, at the same rent, and it was agreed, as a part of the contract of lease, that the defendants should put said premises in a proper condition for occupancy, and charge the expense to A; but there was no agreement as to the manner in which such expense should be paid. Having taken possession, the defendants began to make said improvements, when A died insolvent. The defendants proceeded, without the knowledge of the heirs at law of A, to make the stipulated improvements, paid the first quarter's rent, in money, and continued to occupy, as before; said heirs not questioning the validity of the defendants' right, nor requiring any change in the terms of occupancy, until they were sold by order of the court of probate. In an action, by the heirs of A, to recover for the use and occupation of said premises, it was held, 1. That the law would not imply a contract between the parties, different from that under which the defendants entered and occupied said premises. 2. That the plaintiffs should be presumed to have assented to the occupancy, by the defendants, upon the terms on which the latter originally entered, and had previously occupied said premises. 3. That parol evidence was admissible, for the purpose of showing the agreement, under which the defendants entered, and the amount of rent to be paid by them. 4. That the expense of the improvements made by the defendants should be deducted from the amount of rent they were to pay.

THIS was an action of debt on book. The cause was referred to auditors, who made their report embracing the following facts.

George King, shortly before the first of April, 1852, leased to the defendants, a large brick store, with the lot upon which it stood, in the city of Hartford, at a rent of $1,000 *per annum*, for the term of one year from the said first day of April, with the privilege, on the part of the defendants, of occupying the premises, for five years, at the same rent.

The shop had been recently erected, and some further work was needed upon the building and lot, to put them in a suitable condition for the use of the defendants. It was

thereupon agreed, between King and the defendants, as a part of the contract of lease, that the defendants should, at once, put the premises in a proper condition for occupancy, and charge the expenses to King. But there was no agreement, that such expenses should be deducted from the rent, nor in any respect, as to the manner in which they should be paid. The defendants objected to parol evidence of the lease, but the auditors admitted it.

The defendants immediately took possession of the premises, and began to make the improvements, but before many of them had been made, King suddenly died, deeply insolvent, leaving a widow, and a daughter, his only child, the plaintiffs in this suit.

The defendants proceeded, after the death of King, to complete the improvements, but did not consult either of the plaintiffs, in regard to them, and they had no knowledge that such improvements were being made. The defendants incurred an expense of $264.44, in making such as were reasonable and proper, under their agreement with King, but only the sum of $118.10, in making such as were strictly necessary to make the premises tenantable.

The defendants continued in possession until May 6th, 1852, when the premises were sold by the administrator of King, under an order of probate, for the payment of the debts of King; and paid the first quarter's rent, due July 1st, 1852, in cash. They claimed, that the expenses incurred in making the improvements should be allowed them in this action, and be deducted from the rent.

The auditors found that, if the court should be of opinion, that no such deduction ought to be made, there was a balance of rent due the plaintiffs, amounting to the sum of $907.50; but, whether any such deduction ought to be made, and, if any, how much, was referred to the court.

The report was made to the superior court, for Hartford

county, at the April term, 1854, when it was accepted, and the court allowed the defendants the whole amount of the expenses incurred by them, in making the improvements; deducted the same from the rent found due by the auditors; and rendered judgment, in favor of the plaintiffs, for the balance.

The plaintiffs, thereupon, filed their motion in error, and brought the case before this court, for revision.

*Welles* and *Fellowes*, for the plaintiffs, contended,

I. That evidence of the parol contract of lease was not admissible, and the amount of the repairs should not have been deducted from the rent.

Independently of an actual contract, the landlord is under no obligation to repair, nor is there any implied contract, that the premises are tenantable. Taylor on Landlord and Tenant, p. 155. *Sutton* v. *Temple*, 12 Mees. & W., 52. *Hart* v. *Windsor*, 12 Mees. & W., 66. These two last cases qualify, if they do not overrule, *Smith* v. *Marrable*, 11 Mees. & W., 5.

2. This parol contract of lease is clearly within the statute of frauds, since it relates to an interest in land, and is therefore void. *Kelly* v. *Webster*, 19 Eng. L. & Eq., 517.

3. If the contract, so far as it relates to the repairs, is to be considered a part of the contract of lease, it is void by the statute; since, if part of an entire contract is void, by the statute of frauds, the whole is so. *Forquet* v. *Moore*, 16 Eng. L. & Eq., 469. *Mechelen* v. *Wallace*, 7 Ad. & E., 49. *Crawford* v. *Morrell*, 8 Johns. R., 253. *Van Alstine* v. *Wimple*, 5 Cow., 162. *Thayer* v. *Rock*, 13 Wend., 53.

4. If the contract, respecting the repairs, be not a part of the contract of lease, then it does not affect the land, and therefore in no way affects the plaintiffs. Rent, not accrued, belongs to the heir, not to the executor. 1 Hilliard's Digest, p. 244, § 48. But the obligation of the personal contract to pay for the repairs, devolves on the executor, and can

not be set off· against the rent. The auditors have found expressly, that there was no agreement that the expense of the repairs should be deducted from the rent.

II. The contract is not taken out of the statute, by part performance. This is an action at law. A contract within the statute is not taken out at *law*, but only in *equity*. *Jackson* v. *Pierce*, 2 Johns. R., 221. 2 Story's Eq., § 1522. *Eaton* v. *Whitaker*, 18 Conn. R., 222.

III. In regard to the claim, that the contract may be resorted to, to determine the terms of the tenancy, it is not true, that this can be done, for any purpose. It would repeal the statute of frauds. The amount of the rent stipulated, may be proved merely as an admission of the value of the occupation, and this, not only on common law principles, but also by virtue of the statute authorizing the action of *assumpsit* for use and occupation. It is mere evidence of that value, but is not conclusive. Taylor on Landlord and Tenant, 293. *Sargent* v. *Ashe*, 23 Maine R., 201. *Tomlinson* v. *Day*, 2 Brod. & B., 680, (6 E. C. L., 315.) But this contract for improvements has no relation to the amount of the rent, nor to the terms of the tenancy. It is an independent contract that the defendants may make improvements, and charge the expense to George King.

*R. D. Hubbard*, contra, contended,

I. That parol evidence of the lease, between George King and the defendants, was rightly admitted in evidence, by the auditors. 1. The contract, though originally within the statute of frauds, has been executed, and thus taken out of the statute. *Baxter* v. *Gay and wife*, 14 Conn. R., 119. *Eaton* v. *Whitaker*, 18 Conn. R., 231. *Seaman* v. *Price*, 2 Bing., 437. 2. A parol lease, though void as to the duration of the tenancy, is evidence of the fact of a tenancy, and will govern, as to its terms. *Doe* v. *Bell*, 5 T. R., 471. *Richardson* v. *Grifford*, 1 A. & E., 52. *Beale* v. *Saunders*,

3 Bing., N. C., 850. *People* v. *Picket*, 8 Cow., 226. *Schuy-*
*ler* v. *Leggett*, 2 Cow., 663. *De Medina* v. *Polson*, 3 E. C.
L., 31. Taylor on Landlord and Tenant, 301.

II. That the defendants' costs for improvements were
rightly deducted from the plaintiffs' claim for rent. The law
would raise an implied agreement to set off, from the facts
found by the auditors. *McLean* v. *McLean*, 1 Conn. R., 400.
This action, being made, by statute, a substitute for the action
of general assumpsit, in cases of this kind, is an equita-
ble one in its character, and, all the equities which grow
out of the ground of the action, or out of the consideration
for the promise, may be used, to lessen the damage on the
promise. *Gunn* v. *Scoville*, 5 Day, 113. Whenever counter
claims grow out of the same contract, the court will apply
one upon the other. *Darwin* v. *Potter*, 5 Denio, 306. *Tone*
v. *Brace*, 8 Paige, 597. *McCarty* v. *Shattuck*, 22 Wend., 155.
*Batterman* v. *Pierce*, 3 Hill, 171. Even a negotiable prom-
issory note, in the hands of the payee, or negotiated when
past due, in the hands of a third party, is subject to all the
equities which grow out of the consideration of the note.
*Nevins* v. *Townsend*, 6 Conn. R., 5. *Robinson* v. *Lyman*, 10
Conn. R., 31. *Culver* v. *Parish*, 21 Conn. R., 408.

In this view of the case, the plaintiffs, on the death of
George King, took this claim, subject to any equitable de-
fence, set-off, or abatement, which grows out of the original
contract of letting.

WAITE, J. This is an action brought to recover for the
use and occupation of certain real estate. Upon the trial
before the auditors, it appeared, that the occupation of the
defendants commenced under a parol lease from George
King, then the owner of the estate, and from whom the
defendants derive title, since the occupation commenced.

The defendants, for the purpose of showing the extent of
their liability, offered parol evidence of their agreement with

King, under which they entered and occupied the premises. To the admission of this evidence the plaintiffs objected, but the auditors received it.

It is now claimed, by the plaintiffs, that as the agreement was a contract, relating to lands, the admission of parol evidence to prove it, was in violation of the provisions of the statute of frauds.

On the part of the defendants, it is insisted, that, as the premises had been occupied by them, and nothing remained, necessary for the fulfillment of the contract, except the payment of the stipulated rent, the evidence was proper, to show the amount of that rent, and was not within the provisions of the statute.

If the decision were to be governed by the English cases, aside from the statute of 11 Geo., 2, ch. 19, § 14, perhaps the weight of the authorities might be considered in favor of the plaintiffs' claim, although the opinions of the English judges have not been entirely uniform upon the subject. *Corking* v. *Ward*, 1 Man., Gran. &. Scott, 858, (50 E. C. L., 858.) *Price* v. *Leyburn*, 1 Gow, 109, (5 E. C. L., 479.) *De Medina* v. *Polson*, Holt's Cases, 47, (3 E. C. L., 21.)

The case last cited was an action for the use and occupation of a house. The lease was by parol, and the defendants' counsel claimed that it was void, inasmuch as it was not a lease in possession, but in reversion; and that no evidence could be received of any ingredient of a contract, which the law had declared to be void. Gibbs, C. J., said, "The agreement is void by the statute of frauds, but I am of opinion, that you may still resort to it, to calculate the amount of rent."

But we have no occasion to examine these authorities, because all doubts upon that subject in England have been removed by the provisions of that statute. It is there enacted, "that landlords, where the agreement is not by deed, may recover a reasonable satisfaction for the lands, tenements or hereditaments, held or occupied by the defendant, in an

action on the case, for the use and occupation of what was so held or enjoyed; and if, in evidence on the trial of such action, any parol demise, or any agreement (not being by deed) wherein a certain rent was reserved, shall appear, the plaintiff in such action shall not therefore be non-suited, but may make use thereof, *as an evidence of the quantum of the damages* to be recovered."

And we think the law of Connecticut, as repeatedly recognized by our courts, is in conformity with the provisions of that statute.

Previous to the passing of that statute, it was generally holden in England, that an action of assumpsit, for rent in arrear, upon a parol lease for years, could not be maintained. But, our courts, disregarding the opposing decisions of the English courts, held, that an action of *indebitatus assumpsit*, might be maintained, even upon an implied promise, arising from the use and occupation of real estate, by permission. And such may now be considered as the settled law in this state.   *Gunn* v. *Scoville*, 4 Day, 228.

The principle has been established by numerous decisions, in this state, that, where a parol contract has been made for the transfer of real estate, at a stipulated price, and a conveyance has been made, according to the terms of the contract, an action at law may be maintained, to recover the price.

Thus, in one of the earliest cases upon this subject, the plaintiff had sold his farm to the defendant, and gave him a deed of it, and then brought an action of assumpsit, to recover the stipulated price.   The superior court said, " The defendant has got a deed of the plaintiff's farm, the contract has been executed on one part, which takes it out of the statute made to prevent frauds and perjuries,  The case is not within either the letter or spirit of the statute."   *Case* v. *Tracy*, 1 Root, 479.   The same principle has been recognized in other cases.   *Clark* v. *Brown and wife*, 1 Root, 77.  *Noyes* v. *Moor*, 1 Root, 142.   *Sparrow* v. *Smith*, 5 Conn. R.,

117. *Belden* v. *Seymour*, 8 Conn. R., 313. *Boardman* v. *Steele*, 13 Conn. R., 559.

And in a more recent case, where an action at law was brought to recover for land conveyed, this court held, that the fulfillment of the contract on the part of the plaintiff, in pursuance of the contract, entitled him to the sum stipulated, and that parol evidence of the contract was not precluded by the statute. *Baxter* v. *Gay and wife*, 14 Conn. R., 122.

And, in a still later case, Hinman, J., referring to the case last cited, remarked, "We are aware of a class of cases, where one of the parties, having performed his part of the agreement, may bring a suit at law and recover the consideration promised for such performance." *Eaton* v. *Whitaker*, 18 Conn. R., 231.

And, in another case, this court held, that parol testimony was admissible, for the purpose of showing, that the consideration for the sale of real estate was different from that expressed in the deed, and, what, in fact, was the true consideration. *Meeker* v. *Meeker*, 16 Conn. R., 387.

Now, if parol evidence is admissible, to prove the price agreed to be paid for the *sale* of land, after the conveyance has been made, it is difficult to see, upon what principle it can be said, that similar evidence is not admissible, to prove the sum agreed to be paid for the use of land, after the tenant has enjoyed that use, according to the terms of the agreement.

Were it otherwise, the statute, instead of operating for the prevention of fraud, might be converted into an instrument for its protection. If a tenant, after having occupied property, under a parol demise, can turn around, and say to his landlord, You can not recover the rent, for I object to any parol evidence of my agreement to pay it, it might well justify a remark made by Chief Justice Best, in a similar case when he said, "This is one of the most iniquitous objections ever made." *Seago* v. *Deane*, 4 Bing., 459, (15 E. C. L., 39.)

But again, the plaintiffs' action is founded upon *a contract*, and they can not recover, unless they prove *a contract* on the

part of the defendants, *either express* or *implied.* *Birch* v. *Wright,* 1 T. R., 387. *Boston* v. *Binney,* 1 Pick., 1. *Strahan* v. *Smith,* 4 Bing., 91, (13 E. C. L., 255.) And, if the defendants entered and occupied, under an *expressed contract,* the law will *imply* no other. If the agreement was, that they should pay $1,000 a year rent, the law will not imply an agreement to pay $1,500, although in the opinion of respectable witnesses, the latter sum might be considered a fair rent.

"A landlord," says Bayly, J., "suing for rent, must proceed, either upon an express contract made with the tenant, or upon a contract which the law will imply, from the relation subsisting between them." *Hull* v. *Burgess,* 5 B. & C., 232, (11 E. C. L., 246.) And again, "Where there is an express contract between the parties, none can be implied." *Greniman* v. *Legge,* 4 B. & C., 324, (15 E. C. L., 229.) And Maule, J., in the case of *Berrey* v. *Lindley,* said, " If a party enter under an invalid agreement, or under an agreement not amounting to a demise, he shall still hold, subject to the terms of that agreement, so far as they are not at variance with the species of tenancy, which the law under the circumstances creates." 3 Man. & Gran. 514, (42 E. C. L., 271.)

We are satisfied, therefore, that the auditors are right, in admitting parol evidence, to prove the agreement under which the defendants entered.

2. But it is said, the superior court erred in deducting the expenses of the improvements from the amount of rent. And this depends upon the construction of the agreement, respecting the mode of paying for those expenses. If that was distinct and independent of the demise, then the decision is wrong.

But the auditors have found, that this agreement was *a part of the contract of lease,* and, although there was no express stipulation, as to the mode of payment, yet it is obvious that it must have been the understanding of the parties, that these expenses were to be charged, as *part payment of the*

*rent,* and consequently the defendants were properly charged with only the balance.

· The plaintiffs, having suffered the defendants, after the death of the lessor, the original owner, to continue their occupation as before, without questioning the validity of their title, or requiring any change of terms, must be considered as having assented to their occupying, upon the terms on which they had entered and had previously occupied. At any rate, none other are proved, and the law will imply no other.

We are, therefore, of opinion, that there is no error in the judgment complained of.

In this opinion, the other judges concurred, except CHURCH, C. J., who was disqualified, and STORRS, J., who was absent.

Judgment affirmed.