Wright, J.
The demurrer to the reply and the case made in the bill of exceptions raises this question : When a contract for service has beeu made, which can not be fully performed iu a year, if the party proceeds and does the work, can the statute be plead as a bar to a demand for compensation ?
In this case, Olive Towsley agreed to work from the time she was eleven until she was eighteen, a period considerably longer than one year. But having worked, having fully performed her part of the contract, can the defendant plead the statute, instead of paying her ?
Although this statute was enacted ostensibly for the prevention of fraud and perjury, courts have often been careful to see that it Should not, in its application, occasion fraud or wrong. Indeed there are cases which hold that the mere fact that the application of the statute would work a fraud is a sufficient reason why such application should be withheld. Hidden v. Jordan, 21 Cal. 92; Sandfoss v. Flansburg, 35 Cal. 481.
It is therefore said: “ Where a verbal contract is completely executed by one party, the consideration can be recovered from the other, notwithstanding the statute of frauds, . . . and where a contract is within the statute, as being not to be performed within one year from *186 the making, but has been fully performed on one side, whether within the year or not, the consideration of that performance, though by the contract not payable until after the expiration of the year, may be recovered by action when the stipulated time arrives.” Browne on Frauds, sec. 117. The same author says : “ One who has rendered services in execution of a verbal contract, which, on account of the statute, can not be enforced against the other party, can recover the value of the services upon a quantum meruit.” In speaking of this section, Parsons says : “ When a contract, originally within its provisions, has been entirely executed on one side, and nothing remains but the payment of the consideration, this may be recovered, notwithstanding the statute. But whether a recovery can be had on the original contract, or only on a quantum meruit, is not entirely clear upon the authorities. Upon principle, however, we should say that a recovery in such ease can only be had upon a quantum meruit.” 3 Parsons on Contracts, 38.
In Stone v. Dennison, 13 Pick. 1, it is held : “ The statute of frauds has no application to a contract which has been fully performed on both sides.” It appeared that plaintiff sued defendant for the value of services rendered. The defense urged was that the boj7 came to work when he was fourteen years old, agreeing to remain until he was twenty-one, and for compensation defendant was to supply board, clothing, and education, which he had done, thus performing the contract on his part. To this plaintiff said that the agreement was void, not being in writing, and he therefore sought to recover on a quantum meruit, claiming that his services were worth more than he had agreed to and had in fact received. Here tvas a case of a contract which could not have been performed in one year, and clearly, while it remained executory, no action could be maintained upon it by either party. If defendant had turned plaintiff away from his service, an action could not have been maintained for damages in violating the agreement, as regards the part remaining unexecuted. So, if the boy had quit his work, *187 the master would have had no remedy. But the contract had been completed upon both sides. The boy had worked until he was twenty-one, and the master had paid him all he had agreed to, and the question was whether the agreement could be disregarded and the plaintiff recover more than he had already received, upon the ground that his services were worth more. .
In delivering the opinion, Shaw, C. J., says : “ Take the common ease of a laborer, entering into a contract with his employer, toward the close of a year, for another year’s service, upon stipulated terms. Should either party refuse to perform, the statute would prevent either party from bringing any action whereby to charge the other upon such contract. But it- would be a very different question were the contract fulfilled on both sides by the performance of the services on the one part, and the payment of money on account, from time to time, on the other, equal to the amount of the stipulated wages. In case of the rise of wages within the year, and the consequent increased value of the services, could the laborer bring a quantum meruit, and recover more, or in case of the fall of labor and the diminished value of the services, could the employer bring money had and received and recover back part of the money advanced, on the ground that by the statute of frauds the original contract could not have been enforced ? Such, we think, is not the true construction of the statute. We are of opinion, that it has no application to executed contracts.”
In King v. Welcome, 5 Gray, 41, the ease was this :
Plaintiff sued for work done. The amount and value of the services were not disputed, but defendant said there was a contract, not in writing, by which plaintiff was to work an entire year, beginning at a future day, and this contract he had broken by leaving the employment. Here -the defendant endeavored to shelter himself under a contract, not only so far as executed, but also so far as it was still executory, that is, in its entirety. The contract was one falling within the statute, and the court therefore did not permit *188 the defendant any benefit from it, though still recognizing the principle that in case of performance of such a contract, a recovery might be had, notwithstanding the statute. The court say : “ In the case at bar, the plaintiff shows services rendered for the defendant and their reasonable value. The defendant, admitting the performance of the labor and its value, says the plaintiff ought not to recover, because he made an entire contract for a year, which he has not fulfilled. The plaintiff replies, that contract was for work for a year from a day future ; it was within the statute; it was not in writing; it was not executed, and. can not be used in a court of law, either as the basis of an action, or to defeat a claim, otherwise just and reasonable.”
The authorities in Massachusetts on this subject are not uniform. Davenport v. Mason, 15 Mass. 85; Lapham v. Whipple, 8 Met. 59; Marcy v. Marcy, 9 Allen, 8 ; Frary v. Sterling, 99 Mass. 461; Hill v. Hooper, 1 Gray, 131.
In Souch v. Strawbridge, 2 Man. Gr. & Scott, 808, Tindal, C. J., says, although the remark maybe criticised as obiter: “ The meaning of (the statute) is, that no action shall be brought to recover damages in respect of the non-performance of such contracts as are therein referred to. It has no application to an action in the present form, founded upon an executed consideration.” If this, indeed, be the true meaning, it goes far to relieve questions of this kind of their chief difficulties. It allows an action when the contract has been performed, but refuses it in case of non-performance, making the distinction simply between executed and executory.
In Shute v. Dorr, 5 Wend. 204, plaintiff’ agreed to labor for defendant for five years. The term of service having been ended by mutual consent, suit was brought for the value of the services. The court held that though the contract was void under the statute, yet quantum meruit could be maintained for the service actually rendered..
In Pierce v. Paine, 28 Vt. 34, this subject is discussed by Redfield, C. J., in the following case. The plaintiff was to subscribe for fifty shares of stock and carry them for a *189 year; after the year, to have the option to transfer them to defendant; and there were certain arrangements about dividing profits, which do not affect the particular question considered. The turning point of fact upon which Red-field bases his decision, does not appear from the statement of facts, but may be gathered from the opinion, and is this: The shares were never transferred to defendant; he never accepted them, and was in no wise benefited by them. The head note of the case is this : “ If the agreement, for the non-performance of which an action is brought, was not to be performed within one year, no recovery can be had upon it, although that which formed the consideration of the agreement was to have been, or was paid or performed within that period; and no recovery can be had for or upon the consideration so paid or performed, unless it inured to the benefit of the defendant.”
Redfield holds that there can be no recovery upon the , contract, for it was not to be performed in one year and was not in writing. His reasoning, however, goes to show, if the contract had been performed on one side and went to the benefit of defendant, defendant must respond for the value of that benefit. In such case, however, it is necessary to show that the consideration or benefit has come to defendant’s use.
In citing the case of Souch v. Strawbridge, 2 C. B. 808, Redfield says: “ In the American cases cited, and in one late English case, Souch v. Strawbridge, by Tindall, C. J., it is said that to entitle the party to recover on his part performance within the year, when the other party was not bound to perform within the year, it must appear that the performance on the part of the plaintiff was accepted on the other side, or that it went to the benefit of the other side. And just here it seems to us comes the proper distinction. If the contract has been performed on one side in such manner that the performance goes to the benefit of the other party, whether this was done witliin the year or not, it undoubtedly lays the foundation of a recovery against the party benefited by such performance. But *190 where the contract on the part of this party was not to be performed within one year from the time it was made, the recovery is not upon the contract, but upon the quantum meruit or valebat, or upon the money counts. It is a recovery back of the consideration of a contract upon which no action will lie, and which has been repudiated by the other party.”
Redfiold criticises the cases upon the subject which say that performing the contract takes it out of the statute. He insists that the contract is still within the statute, and no action can be maintained upon it; but performance having benefited defendant, he shall pay the fair value of that benefit. Perhaps the difference is a mere dispute as to the form of stating the same result.
Christiancy, J., in Whipple v. Parker, 29 Mich. 374, says: “ But if the contract has been executed by the other party, and he has received the consideration and accepted its benefit, an action may be maintained against him for the benefit thus conferred — the money, property, or value thus appropriated by him; not, however, upon the contract, but upon the appropriate common counts in assumpsit, and upon the duty, promise, or obligation springing from the property, money, or benefit thus conferred by the plaintiff, and received and appropriated by the defendant.”
In this case the contract was,,that in consideration the plaintiff would procure the defendant to be admitted as a partner in a joint venture with one-fourth interest therein,' and in the business to be carried on and the profits to be made by it, defendant would, at the end of three years, pay whatever the business was worth. ■
Doty v. Martin, 32 Mich. 462, was a bill in chancery to restrain a physician from practicing his profession at Maple Rapids and vicinity. Plaintiff had bought this practice, and paid defendant for it, upon the condition that he was not to resume his profession. Defendant violated this agreement and began business, averring that the agreement was void under the statute. The court held *191 that the contract having been fully performed on both sides, the case was not affected by the statute.
The act of Michigan makes the contract “ void.” 29 Mich. 372. This is somewhat different from ours, which provides “ that no action shall be brought.” Under which it is held that -the contract is not absolutely void. Minns v. Norse, 15 Ohio, 571.
In Patten v. Hicks, 43 Cal. 509, plaintiff had made a verbal contract with defendant to furnish logs to keep a sawmill running for a period of two years, and furnished a large number. Suit was brought on the contract to recover the value of the logs so delivered. It was held that the contract was void under the statute, being verbal, and that plaintiff’s remedy was a quantum meruit for the logs which had been furnished.
In Moore v. Aldrich, 25 Texas, 276, defendant obtained plaintiff’s cattle upon a contract to keep them for several years, to receive one-fourth of the increase for his compensation. He converted the cattle to his own use, and relied on the statute of frauds to prevent the admission of testimony to show what the parol contract was. The court rather curtly dispose of the defense by saying: “ The gist of the action was the conversion by the defendant to his use of the plaintiff’s property, not the enforcement of a contract which was not to be performed in one year. The statute of frauds has no application to the case.”
In Swanzey v. Moore, 22 Ill. 63, the syllabus is : “ Executory contracts are avoided by the statute of frauds; executed contracts are not. If a laborer contracts .verbally to work an entire year, he is entitled to the wages agreed upon, and to the same proportionate compensation, for any period of time he labors, for less than a year.
“A parol contract, which is required by the statute to be in writing, is as binding as any when performed, or while being performed.”
Moore, the appellee, had worked for Swanzey, appellant, under a contract for a year, the year to begin at a future time. There was a question relating to Moore having *192 abandoned his contract before the time was up, but this is entirely independent of the defense arising upon the statute of frauds. The court says: “ This work was done under a contract void by the statute of frauds, and the question is whether Swansey could insist upon the violation of the terms of such a contract as a defense to the action. Upon this there can be no reason to doubt, when the character of such a contract is considered. It will be found that executory contracts only are avoided by the statute of frauds; executed contracts never. A parol contract, which that statute requires to be in writing, is as good as any when performed, or while being performed, or when partly performed, so far as the performance goes. Suppose this man had worked the whole year, no one will deny that he would be entitled- to the wages fixed by the contract, and no more. The same measure of compensation must satisfy him for the time he did the work. Suppose he had agreed to work five years for Swanzey for nothing, but just lor the love of it, while he would not be bound to work a day under such a contract, yet if he worked six months or a year under it, he would have to be content with the pleasure of the exercise for his compensation. Here was a contract that he should work .a year for so much money. Till that service was performed he was entitled to no pay. ■Whatever he did under that contract must be controlled by its terms. He worked a portion of the time, and quit without cause. By the terms of the contract under which he did the work he is entitled to no pay. While he agreed to work for nothing, he can not change his mind and go for a quantum meruit. He was not bound to work under the contract a single day longer than he pleased. Swanzey could not sue him for a violation of his contract, which was obnoxious to the statute of frauds. While executory, either party might repudiate it. When executed, or so far as executed, it was as valid and binding as if it had been in writing.”
We confess this ease, as well as some of the others cited, seems to play fast and loose with both the contract and *193 statute. While insisting that the agreement is void, it still! allows a recovery according to its terms for the labor that: was performed. It is much more intelligible to say, that though the contract is void, the party must pay for such advantage as he has received, according to the plaiuest principles of equity. As Redfield says, in Sherman v. Champlain Transportation Co., 31 Vt. 182 : “ It is certain, I think, in regard to a ease of this character, where the obligation on one part depends upon a use conceded on the other part, that even when the contract in terms extends beyond one year, it is not competent for the party, who has acquiesced in the receipt of such use for a succession of years, to successfully defend against an action for the compensation stipulated. And whether the recovery is put upon the ground that whatever is received by one party in performance of a contract, which he elects to avoid on the' ground of the statute, he must pay for, or that by acquiescing in the receipt of such use, year after year, he did,. toties quolies, renew the contract, does not seem very material. In any view we can take of the case, it is obvious-the statute of frauds can have no application.”
See also Suggett's Adm’r v. Cason’s Adm’r, 26 Mo. 221.
In Emery v. Srhith, 46 N. Y., it is held, that in cases like-this no action can be maintained on the contract, but a quantum meruit must be resorted to; and it is further held that the agreement is not admissible to affect the amount of damages. Green v. Saddington, 7 El. & Bl. 503; Lane v. Shackford, 5 N. H. 130 ; Thomas v. Dickinson, 14 Barb. 90; McCue v. Smith, 9 Minn. 252; Watrous v. Chalker, 7 Conn. 224; May v. Young, 13 Tex. 550 ; Noyes v. Moor,. 1 Root, 142.
In Randall v. Turner, 17 C. St. 262, the syllabus is : “A verbal agreement for the sale of lands, which has been fully-performed on the part of the vendor, is not rendered void by the statute of frauds.”
Samuel Turner, defendant inbrror, plaintiff below, had sold land to George Turner and John Randall for $800; $400 was- *194 paid and the property conveyed. The suit was for the other $400. Hay, C. J., says: “ The suit being for the purchase-money of the land, and the contract having been fully performed on the part of the vendor, the statute did not apply.”- The reason is sufficiently palpable. The party who had received $400 worth of land ought to pay $400 in ■money.
Although not the turning point in the case, in Abbott v. Inskip, 29 Ohio St. 59, it is said : “ It is true the agreement ■could not have been performed within a year from the making thereof, and therefore, under the statute of frauds, it could not have been enforced by action. It might, however, have been performed by the parties, and, when performed, the parties would have been bound by it, or if the plaintiff had performed, the defendant would have been bound to perform it on his part.”
#When courts say that performance takes a case out of the statute, or that where the contract has been fully completed on both sides, or where it has been completed on one side and payment alone remains, the statute has no application, it is only an artificial method of stating a very simple proposition. That is this : When one has received money, goods, or benefits from another, justice and equity ■demand that he should pay therefor, and the law will, if necessary, imply a promise to'that effect. And although such benefits may have been rendered under a void contract, or one that can not be enforced, it can not be allowed that a defendant can retain his advantage without eompen■sation. This would be unconscionable. In the case before us plaintiff agi’eed to labor for defendant for board and ■clothing, and such sum as her services were reasonably worth. If this contract can not be enforced by reason of the statute, the law can imply a promise precisely like it. The defendant has received the benefit of the services, wh atrever they were, and it would be a reproach to the law if he were permitted to retain tlfese benefits without just payment.
*195 Her cause of action is complete upon showing that she worked, and the value of her labor.
It is further objected that there can be no recovery in this case on any implied contract, because the express contract excludes the idea that one can be implied. The defendant thus defeats recovery on the express contract by means of the statute, and then uses that contract to defeat recovery also on any other that may be implied. The contract is thus made useful to the defendant, but not to the plaintiff for any purpose. If it can not be of any avail tc •one party, it should not be to the other. It can hardly be .a dead letter upon one side and not on both. The ease in 18 Ohio St., where it is held that the express excludes the implied, was a case where the express was capable of enforcement.
In 2d Pars. Con. 515 it is said: “If the parties expressly provided not anything different, but the very same thing which the law would have implied, now this provision may be regarded as made twice; by the parties and by the law. And as one of these is surplusage, that made by the parties is deemed to be so; and hence is derived another rule'of •construction, namely, that the expression of those things which the law implies works nothing.” In the case before •us the express contract was just what the law would imply, namety, reasonable reward for service performed, and under the rule stated by Parsons, this express contract may be regarded as out of the way.
A question is raised upon the statute of limitations. It is sufficient to say that when this statute is relied upon as a bar, it must be plead specially. Sturges v. Burton, 8 Ohio St. 215; McKinney v. McKinney, 8 Ohio St. 423.
•There was nothing in the answer pleading this statute, and there is no error in this regard.
Judgment of district court reversed and that of common pleas affirmed.
Ashburn, J., dissented.