MRS GUYTE P. McCORD, *et vir,* v. JEROME A. CONNOR.

180 So. 519.
Opinion Filed April 9, 1938.

R. R. *Axtell, W. Gregory Smith* and *Guyte P. McCord,* for Petitioners;

*DeHoff & DeHoff,* for Respondent.

BUFORD, J.—This case is before the Court on a Writ of Certiorari reviewing the action of the Circuit Court of the Fourth Judicial Circuit in affirming the final judgment of the County Judge's Court of Duval County.

The case was tried in the County Judge's Court upon the following stipulation as to the facts:

"That on or about October 5th, 1933, the Plaintiff, Mrs. Guyte P. McCord, and the defendant, Jerome A. Connor, entered into an oral agreement whereby the said Plaintiff agreed to rent to the defendant and the defendant agreed to rent from the Plaintiff, her furnished residential apartment known as No. 213 Sunset Lane on Dewey Street in the City of Tallahassee, and agreed that said tenancy run from month to month at the rental of Fifty ($50.00) Dollars per month, payable in advance; that the defendant went into possession of said premises on October 5, 1933, as such tenant and continued to occupy the same from month to month until on or about March 12th, 1934; that defendant on or about the 5th day of October, November, and December of 1933, and January and February, 1934, paid to said Plaintiff the sum of $50 for each ensuing month; that on or about February 10th, 1934, defendant in a chance meeting in said City with the Plaintiff, Guyte P. McCord, verbally stated to said Guyte P. McCord that there was a probability that the State Offices of the Federal Emergency Relief Administration (then located in said City, by whom defendant was employed) would soon thereafter be removed from the City of Tallahassee to the City of Jacksonville in said State as such a change in location of said state offices was under consideration; that the said defendant did not then definitely know that such change would be made but that he was expecting such change to take place within a week or ten days if made, and that he wanted the said Mrs. Guyte P. McCord to know of the proposed change which would necessitate defendant vacating said apartment; that defendant had no further communication with either of said Plaintiffs until about March 9, 1934, when the defendant telephoned to said Mrs. Guyte

P. McCord and told her that said State Offices were being immediately moved to said City of Jacksonville and that he would vacate the said apartment in a day or two and pay the rent and asked what the amount would be. Mrs. McCord replied $50. He objected on the ground that he would actually occupy the apartment for only a few days. She replied that he had entered upon another month's occupancy with no notice of removal and that she would expect the entire month's rent, since he had given her no opportunity prior to vacating to list with a rental agency or advertise or in any manner endeavor to secure a tenant without a rental lapse. On or about March 12th, 1934, the defendant called in person on Mrs. Guyte P. McCord and gave her the keys to said apartment and offered to give her his check in payment of approximately seven (7) days he had occupied it at the rate of $50 per month from March 5th to on or about March 12th; that Plaintiff, Mrs. Guyte P. McCord, advised defendant that he had begun his rental month beginning March 5th, 1934, by continuing to rent and occupy the said apartment on and from March 5th until said date of tender and had given her no definite or legal prior notice of vacating said apartment so that she could take advance steps to secure another tenant and that defendant owed her rental for the month beginning March 5th and that she refused to accept payment tendered for the part of said month that the apartment was so occupied by the defendant.

The County Judge allowed recovery of only $11.62 and based his judgment on the defendant's contention that Section 1 of Chapter 15057, Acts of 1931, was controlling as to the type of tenancy involved herein. This Judgment was affirmed by the Circuit Court on appeal. It was contended by the Plaintiff that the aforementioned section was un-

constitutional as repugnant to Section 16, Article III, of the Constitution of Florida.

The only question before this Court for consideration is: Is Section 1 of Chapter 15057, Laws of Florida, Acts of 1931, unconstitutional, because the Title of said Chapter violates Section 16, Article III, of the Constitution of the State of Florida?

The title to that Act and the provisions of Section 1 are:

"An Act to Amend Sections 1, 2 and 4 of Chapter 5441, Laws of Florida, Acts of 1905, the Same Being Respectively Sections 3567, 3568 and 3570 of the Revised General Statutes of Florida 1920, and Being an Act to Define Tenancies at Will, and to Prescribe the Mode of Terminating Them, and to Define the Status of Persons Holding Over Under a Written Lease After the Expiration of the Term Created Thereby.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That Section 1 of Chapter 5441, Laws of Florida, Acts of 1905, the same being Section 3567 of the Revised General Statutes of Florida 1920, be, and the same is hereby amended to read as follows:

"That any lease of lands and tenements, or either, hereafter made, shall be deemed and held to be a tenancy at sufferance unless the same shall be in writing signed by the lessor."

The title of Chapter 5441, Acts of 1905, and the provisions of Section 1 are:

"An Act to Define Tenancies at Will and to Prescribe the Mode of Terminating Them, and to Define the Status of Persons Holding Over Under a Written Lease After the Expiration of the Term Created Thereby.

"Be it Enacted by the Legislature of the State of Florida:

"Section 1. That any lease of lands and tenements, or either hereafter made, shall be deemed and held to be a tenancy at will unless the same shall be in writing signed by the lessor."

It will be noted that the titles of both Acts relate to defining tenancies at will, and the mode of terminating them, and to defining the status of persons holding over under a written lease after the expiration of the term created thereby. The provisions of the 1905 Act in every respect seem to be germane to the subject matter expressed in the title thereto. The amendatory Act, Chapter 15057, Laws of 1931, has nothing in the title which would apprise the people or the Legislature that the purpose of the Act was to make all lease contracts, not in writing, *ab initio* tenancies at *sufferance*.

Section 16, Article III, of the State Constitution provides:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, *which subject shall be briefly expressed in the title;* and no law shall be amended or revised by reference to its title only, but in such case the Act, as revised, or section as amended, shall be re-enacted and published at length."

This constitutional provision is applicable to amendatory Acts, as well as original Acts of the Legislature.

It is our opinion that the Legislature in enacting Section 1 of Chapter 15057 of the Laws of 1931 attempted to enact a section that was not germane to the title of the original Act. Had this section been submitted as Section 1 of the 1905 Law, the original Act, it can clearly be seen that the title would not have covered the subject embraced in this section and the Act would have been unconstitutional in this respect. The amending Act did not amend the Title

of the original Act or broaden its own title so as to embrace this section.

In 25 R. C. L. 870, we find the rule stated:

"If the several provisions of an amendatory Act are germane to the general subject of the Act amended as expressed in its title and might have been included therein, they may be incorporated by the amendment. But while a title which declares that the Act is one to amend or supplement an earlier Act is sufficient for the purpose indicated, it does not indicate a purpose to enact provisions that are not germane to the subject expressed in the title of the original Act, and under such title no provision is permissible which is not germane to the subject of the original legislation."

And in 59 C. J. 818: "Under such a title, however, showing merely that the Act is one to amend or supplement a prior statute, no provision may validly be incorporated in the body of the Act which is not within the Title of the Statute so proposed to be amended or supplemented, unless the title of the original Act is also amended to include the matter added by the amendatory or supplemental Act."

Section 1 of Chapter 15057 of the Laws of 1931, inasmuch as it deals with tenancies at sufferance, instead of tenancies at will, and has nothing to do with defining the status of persons holding over under a written lease after the expiration of the term created thereby, is therefore unconstitutional as a violation of Section 16, Article III, of the Florida Constitution.

We have not overlooked the decision of this Court in the case of Pillans & Smith Co., Inc., v. Lowe, et al., 117 Fla. 249, 157 So. 649. However, the infirmity of the Act herein pointed out was not brought to the attention of the

Court, and the Constitutionality of this Act was not raised or passed upon in the aforementioned appeal.

As Section 1 of Chapter 15057, Acts of 1931, is unconstitutional, the law still in force in this State is Section 1 of Chapter 5441, Laws of 1905 (Sec. 3567, Rev. Gen. Statutes 1920). Under the provisions of this Section, Jerome A. Connor, Respondent, appears to have been a tenant at will and under the facts, as stipulated, Petitioner, Mrs. Guyte P. McCord, was entitled to the rent for the entire month.

So the judgment of the Circuit Court is quashed and the cause remanded for further proceedings in accord with the views herein expressed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.