CHARLOTTE M. WALN v. ELLA HOWARD

196 So. 210
Division B
Opinion Filed May 10, 1940
Rehearing Denied May 31, 1940

*Tilden, Hays & Walker, and W. H. Poe,* for Plaintiff in Error;

*George P. Garrett,* for Defendant in Error.

BROWN, J.—This case comes before this Court upon writ of error to the Circuit Court of Orange County. The parties to the litigation will hereinafter be referred to as they appeared in the court below namely: plaintiff in error will be designated as defendant, and defendant in error as plaintiff.

In September, 1937, defendant wrote to one Carleton relative to securing a house in the City of Winter Park for the approaching winter season. Carleton contacted a real estate broker, Raymond Green. Green wrote to the defendant describing several houses listed with him, including one owned by George Howard, husband of the plaintiff. A series of communications followed and the defendant, by letter dated October 3, 1937, accepted the terms offered. A lease was forwarded to her in due time, and, by letter of October 10, 1937, she objected to certain provisions contained therein. However, she later signed a lease of the premises, which lease bore date of October 12, 1937. Ella Howard signed this lease but her husband, George Howard, the owner, did not. George Howard died October 16, 1937. The lease embraced a period of time beginning November 1, 1937, and ending May 1, 1938. Defendant transmitted one hundred dollars ($100.00) as the initial payment on the lease—the balance of seven hundred dollars ($700.00) to be paid: (1) three hundred dollars ($300.00) upon occupation, and (2) four hundred dollars ($400.00) on February 1, 1938.

Defendant arrived in Winter Park November 20, 1937, and immediately moved into the house which had been leased

to her. She vacated the premises November 22, 1937, without notice. The aforementioned payment of one hundred dollars ($100.00) is the only remuneration received by the plaintiff.

On the 24th day of March, 1938, the plaintiff filed praecipe for summons and on the 4th day of April in the same year filed her declaration seeking damages in the amount of the unpaid balance due on the lease of her homestead to the defendant for the winter season of 1937-38. Defendant's demurrer to the declaration was sustained. Subsequently, plaintiff filed two more declarations based on the same instrument. Demurrer to each was sustained. Finally, a declaration was filed on the statutory count for "use and occupation" (Sec. 4314 C. G. L., subsection 9), and, defendant, after attack upon this declaration, entered the plea "that she never was indebted as alleged."

Upon a trial of the case, plaintiff offered in evidence, over defendant's objection, the letters of communication between defendant and Green, which showed an agreement by defendant to lease the premises for the season for $800.00. Also, there was testimony of an oral agreement as to the length of the "season, as being from November 1st to May 1st, 1938." At the close of the case the court directed a verdict for the plaintiff in the sum of seven hundred dollars ($700.00), plus interest and costs. Defendant took writ of error.

The foregoing is a brief outline of the transactions between the parties and the disposition of the litigation in the circuit court. It is true that the lease itself is not a part of this action, the real issue being on the statutory count for "use and occupation," but the remainder of the facts serve to throw light upon the issue formed on that count.

A study of the record in this case reveals sufficient uncontroverted evidence to justify the conclusion of the trial

judge that the defendant was liable for the payment of rent for the entire period covered by the lease provided the court properly interpreted the law applicable to the above stated facts.

In view of the fact that some of the evidence was oral and that there was no lease in writing signed by the lessor, the occupancy was, as defendant contends, a tenancy at will only, under Section 5431, C. G. L. 1927, which was Section 1 of Chapter 5441, Acts of 1905. Defendant further contended at first that Chapter 15057, Acts of 1931, repealed Section 5431, *supra;* but in the case of McCord v. Connor, 132 Fla. 56, 180 So. 519, Section 1 of Chapter 15057, *supra,* purporting to change Section 1 of Section 5431, C. G. L. was held to be unconstitutional. Therefore, Section 1 of the original Act which appears in C. G. L. as Section 5431, is still in force.

Defendant is correct in her contention that Section 5433, C. G. L. 1927 which was not attempted to be repealed by said Chapter 15057, relative to notice in cases of tenancy at will, is not strictly applicable here. Section 5433, designates specific periods of time in which a lessor may by giving notice for certain periods in advance, terminate a tenancy at will. There is no mention in the statute of any periodic measurement of time called a "season." However, this is of little or no importance in view of the fact that plaintiff was given no legal notice whatever that the premises were to be vacated or surrendered. Surely the statute means that a tenancy at will can only be terminated by the giving of reasonable notice thereof. In this contention see 135 C. J., p. 1134, Section 369.

There is uncontradicted evidence that defendant occupied the house for two days, that she paid the one hundred dollars ($100.00) previously agreed upon, that she made no objection to the condition of the premises at the time of assum-

ing occupancy and that a six months period was to be regarded as constituting the length of the "season." The only evidence as to the vacation of the premises is the testimony of the defendant and her two servants that they left the premises two days after taking possession; and, defendant's statement in answer to a question relative to the keys to the place that: "They were in the hands of Mr. Ray Green and I never had the keys at all."

Thus from the foregoing it clearly appears that the judge was correct in deciding there had been no legal surrender of the premises, and defendant was liable for the full term of the parol agreement, unless, as defendant contends, the action on the common count for "use and occupation" is limited to the term of actual physical occupation of the premises and may not be held to cover the entire period designated as the "season." The defendant in support of this position cites Carroll v. Finnagan, 1 Cranch C. C. 234, 5 Fed. Cas. 2453.

We cannot accede to this view of the action on the common count for "use and occupation."

Professor Crandall in his Florida Common Law Practice, Section 150, page 215, speaking of this statutory count for use and occupation, says:

"When this count is available is well explained by Judge Daniel in Lloyd v. Hough, 1 How. (U. S.) 153, 11 L. Ed. 83, in the following language: 'Whenever the action of assumpsit for use and occupation has been allowed, it has been founded, and would seem necessarily to be founded upon contract, either express or implied. The very term assumpsit presupposes a contract. Whatever, then, excludes all idea of a contract, excludes, at the same time, a remedy which can spring from contract only, which affirms it and seeks its enforcement. To maintain the action for use and occupation, therefore, there must be established the rela-

tion of landlord and tenant, a holding by the defendant under a knowledge of the plaintiff's title or claim; and under circumstances which amount to an acknowledgment of, or acquiescence in, such title or claim, and an agreement or permission on the part of the plaintiff. The action will not lie where the possession has been acquired and maintained under a different or adverse title, or where it was tortious and makes the holder a trespasser.' This doctrine was recognized and approved in Knox v. Spratt, 19 Fla. 817-829."

Also in Ency. Pldg. & Prac., Volume 12, page 849, the following appears:

"It is, as a rule, held requisite to the maintenance of this action that the defendant should have had possession of the premises, though according to some decisions it seems that actual occupation is not necessary to sustain the action, and it will be sufficient if the defendant had the right and power to occupy."

Citing, among other cases, Whitehead v. Clifford, 5 Taunt, 518, and quoting therefrom the following:

"Under the English statute of II Geo. II, c. 19, Sec. 14, and the former statute of this state, which was substantially the same, it has been repeatedly held that where the tenant has entered into an agreement to take the premises for a definite period, and has acquired thereby the legal right to the possession, he is liable in an action for use and occu-occupation for the whole period agreed upon, whether he actually occupies or not."

In Ward v. Bull, 1 Fla. 271, at pages 277-278, it was said:

"The declaration, as before stated, contains two counts, one, for money had and received, and the other, for use and occupation. We will reverse the order, and inquire, first, whether the plaintiffs are entitled to recover on the last

count. This count is founded on the statute of II Geo. 2, Chap. 19, Sec. 14, by which it is enacted, that 'it shall be lawful for a landlord where the agreement is not by deed, to recover a reasonable satisfaction for the lands and tenements, or hereditaments, held or occupied by the defendant in an action on the case, for use and occupation of what was so held and enjoyed; and if in evidence, on the trial of such action, any parole demise, or any agreement (not being by deed), where a certain rent is reserved, shall appear, the plaintiff in such action shall not, therefore, be nonsuited, but may make use thereof, as an evidence of the quantum of damages to be recovered.' Chitty on Contracts, 105-106. 1 Chitty's Pl. 338.

"Assumpsit for the use of land by permission and assent of the plaintiff, or an express promise to pay a certain sum, or, in general, to pay to the plaintiff's satisfaction for such use, lies, at common law, independent of the statute. Eppes v. Call, *et ux.,* 4 Hen. & Munf. 161. And it has also been held to lie on an implied promise: Sutton v. Mandeville, 1 Munf. 407. Gunn v. Scoovie, 4 Day 299; Logan v. Lewis, 1 J. J .Marsh 3. But to support an action for use and occupation, a demise must be shown, or some evidence given to establish the relation between the parties of landlord and tenant.".

And, in 66 C. J. 115, the text reads as follows:

"While it has been held or said in some decisions that, although there is an agreement for a fixed term, a landlord can only recover in an action of assumpsit for use and occupation for the time that the tenant has actually occupied the premises, either by himself or by his subtenant, the weight of authority is that, if possession had been taken by the tenant, recovery for the entire term may be had where the tenant voluntarily quitted the premises before the expiration of his term, and that too, although there is only

an executory agreement for a lease, and the contract may be looked to to ascertain the amount of the rent and the length of the term agreed on."

And, as bearing generally upon the subject of proof of the amount that plaintiff, suing in general assumpsit, is entitled to recover, by introduction in evidence of the agreement between the parties, see Hazen v. Cobb, 96 Fla. 151, 117 So. 853.

In the instant case there was a technical bar to the action on the formal lease itself, and the only remedy left open to the plaintiff was this action on the implied promise of the defendant. Aside from the technically defective lease itself, there was sufficient evidence before the court in the correspondence between Green (who was the agent of Mr. Howard) and Mrs. Waln to establish the relationship of landlord and tenant. There was evidence of an agreement as to a definite period of occupancy and for the payment of a specific rental, which was established by the parties or their privies. Therefore the trial judge was correct in directing a verdict for the plaintiff in the absence of evidence in rebuttal of the case as proven by the evidence introduced by the plaintiff.

In view of the fact that this property was the homestead of Mr. and Mrs. Howard, we think that after the death of Mr. Howard, Mrs. Howard was entitled to collect all rents and enforce all contracts express or implied, with reference to the rental or occupation of the property which Mr. Howard himself could have collected or enforced if he had lived. George Howard died just before Mrs. Waln took possession of the premises. Mrs. Howard, the plaintiff, allowed the defendant to enter into occupation of the premises under the parol agreement and Mrs. Waln did enter into possession without questioning the validity of Mrs. Howard's title to the property or her rights under the parol

·lease. The law would imply from this situation that Mrs. Howard consented to the defendant's occupation of the premises on the terms which defendant had previously agreed to with Mr. Green as agent for plaintiff's husband. We think this implied consent put the plaintiff in privity with the lessee and entitled her to bring this suit in her own name. See King v. Woodruff, 23 Conn. 56, 60 Am. Dec. 625. Whether relevant or not, it will be recalled that Mrs. Howard had signed the technically defective lease which Mrs. Waln had signed.

Furthermore, under the probate Act of 1933, which was in effect at the time of this transaction, the personal representative is not entitled to the homestead real estate, in which the widow takes a fee simple title, where there are no lineal descendants, and where there are lineal heirs the widow takes a life estate with valid remainder to the lineal descendants in being at the time of the death of the decedent, regardless of whether the decedent died testate or intestate. See Redfearn on Wills and Alministration of Estates, pages 371, 434, 499, 532 and 539. See also Sections 28 and 105 of the Probate Act.

Defendant further contends that the court erred in refusing to grant a continuance, but we find no abuse of discretion in such ruling, nor can we see how defendant was harmed thereby.

For the above reasons the judgment of the trial court is affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.