McNATT, JOHN M., Associate Judge.
The appellees, Orville A. Smith and Honora A. Smith, filed suit against the appellants, Lawrence R. Sill and Alice E. Sill, for rent claimed to be due them under an alleged written lease for the term of one year. The appellees (hereinafter referred to as lessors) alleged that after paying $875.00 of the $2,100.00 rent reserved, the appellants (hereinafter referred to as lessees) abandoned the premises and refused to pay any further rent. The lessees denied that a lease existed, and filed a counterclaim in which they sought recovery from the lessors of $175.00 paid as rental for the last month of a “proposed” lease for the term of one year.
' The case was tried without a jury on a stipulation of facts. From the stipulation, it appears that the lessors were the owners of a residence in Pinellas County, which they had placed in the hands of an agent for the purpose of finding a tenant. On September 11, 1962, the lessees agreed with the agent on a lease for the term of one year, and which contained an option to purchase within six months for the sum of $21,500.00. The total rent reserved was $2,100.00, payable $175.00 per month on the 11th of each month, the first and last months’ rent being payable in advance. The agent prepared a lease dated September 11, 1962, and the lessees signed it on that date and paid to the agent the sum of $350.00, representing the rent for the first and last months of the term. After the agent received verbal approval by telephone from the lessors, the lessees moved into the residence. Subsequently, the lease was forwarded by the agent to the lessors in Orlando for their signature. Upon receipt of the lease, one of the lessors changed the option to purchase by raising the purchase price from $21,500.00 to $22,-500.00.
The trial court found that on or before October 11, 1962, the agent delivered to the lessees a copy of the lease as modified, and that their only oomment was that they were not “interested in exercising the option on the property anyway”, and further found :
“3. That upon receiving their copy of the Lease, and not objecting to the change in the option price nor putting the Plaintiffs on notice of any disagreement regarding the. terms of the Lease, the Court finds that at that moment a valid and binding oral Lease for one year was in existence and that the terms of the oral Lease coincide with those of the written Lease * *.” (Emphasis supplied.)
The stipulated facts show that the lessees paid the monthly rentals for September, October, November and December, 1962, and for the last month. On December 12, 1962, they notified the agent for the lessors that they were in the process of purchasing a home and would vacate the premises prior to January 1, 1963, and they vacated the property accordingly. About December 20, 1962, the agent commenced showing the residence to prospective tenants and finally rented it on April 1, 1963.
Finding that there was “a valid and binding oral lease for one year”, the trial court rendered judgment for the lessors for the time the property was vacant, and denied the lessees’ claim for the $175.00 rent paid for the final month of the proposed lease.
The appellants assert that as there was an “oral lease”, the lessees had ■the right to terminate it by giving not less than fifteen (15) days’ notice, which was admittedly given. The appellees are not represented on the appeal and have in no wise challenged the finding of the trial court that the lease was oral.
Chapter 83.01, Florida Statutes, F.S.A., provides:
“Any lease of lands and tenements, or either, hereafter made, shall be deemed and held to be a tenancy at will, unless the same shall be in writ *267 ing signed by the lessor. Such tenancy shall be from year to year, or quarter to quarter, or month to month, or week to week, to be determined by the periods at which the rent is payable. If the rent is payable weekly, then the tenancy shall be from week to week; if payable monthly, then from month to month; if payable quarterly, then from quarter to quarter; if payable yearly, then from year to year.”
Under the statute, an ‘‘oral lease” results in a “tenancy at will only”. Wain y. Howard, 142 Fla. 736, 196 So. 210. A tenancy at will — where the rent is payable monthly as. in this case — may be terminated “by either party giving * * * not less than fifteen days notice prior to the end of any monthly period”. Chapter 83.03, Florida Statutes, F.S.A. The lessees gave the required notice, and the trial court should have found that the tenancy had been terminated and awarded judgment on the counterclaim.
The judgment is reversed for further appropriate proceedings.
SMITH, Acting C. J., and ANDREWS, J., concur.