PINELLAS THEATERS, INC., v. EMIL J. BRACH.

159 So. 867.
Opinion Filed January 15, 1935.
Rehearing Denied January 29, 1935.

*Fred H. Kent, H. P. Adair, U. C. Barrett, Cook & Harris* and *Knight, Adair, Cooper & Osborne,* for Petitioner;

*Hardee & Martin,* for Respondent.

BUFORD, J.—This case is before us on writ of certiorari to review the judgment of the Circuit Court of Pinellas County wherein the judgment of the County Court of Pinellas County entered in an unlawful detainer action was reversed.

Pinellas Theaters, Inc., a corporation, was lessee from a Receiver in foreclosure of a certain theater building in St. Petersburg. While that lease was in force and effect the Respondent here, Brach, bought in the property at fore-

closure sale subject to the Receiver's lease. That lease expired October 1, 1934. By the terms of the lease the lessee covenanted to deliver possession of the property to the owner at the expiration of the term of the lease. Before the termination of the lease the attorney of the owner and agents for the lessee entered into negotiations for a new lease. All the terms of the new lease were not agreed upon. The attorney for the owner notified the lessee that the owner would execute a lease for one year for $1,200.00 payable in advance, the lease to be prepared by the owner's attorney. Lessee agreed to pay $1,200.00 per year for the lease, but did not agree to any other terms. It appears to have been the understanding of both parties that a lease would be drawn, submitted to the owner for approval and execution and then to be transmitted to the lessee for execution. Before the lease was prepared the owner let it be known that he would require an operating clause in the lease. The proposed lessee declined to execute a lease with an operating clause included therein. The proposed lessee then prepared a lease, the terms and conditions of which suited it, executed the same and submitted it to the attorney for the owner, with check for $1,200.00. The attorney refused to accept the $1,200.00, returned the check and declined to submit the lease for execution by his client because it did not contain the operating clause.

So, as a matter of law, there was no written lease executed by the lessor for the premises by the lessee after October 1, 1934.

It, therefore, follows that the legal status of the parties was controlled by the provisions of Chapter 15057, Acts of 1931, amending Section 3567 R. G. S., 5431 C. G. L., which statute was quoted and construed in the opinion in the case of Pillans & Smith Co., Inc., a corporation under the laws

of Florida, v. N. E. Lowe, *et al.,* which was filed November 14, 1934, reported 157 Sou. 649. The tenancy, therefore, could under aspects most favorable to the proposed lessee amount to no more than a tenancy at sufferance and under the authority of the opinion and judgment in the case of Pillans & Smith Co., Inc., v. E. N. Lowe, *supra,* we hold it to have been such.

It, therefore, follows that in entering the judgment complained of the Circuit Court did not depart from the essential requirements of the law.

For the reasons stated the writ of certiorari is quashed.

So ordered.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.

## ON REHEARING.

PER CURIAM.—By petition for rehearing in this case, it is contended that the judgment entered by the Circuit Court deprives the petitioner of the right to trial by jury upon the reversal of the judgment of the County Judge and directing that judgment be entered in favor of the petitioner in the County Judge's Court and that the Circuit Judge therein departed from the essential requirements of the law. This contention might be tenable, were it not for the fact that it appears from the record that the parties to the cause waived trial by jury and presented all questions of law and fact to the County Judge for determination. On appeal to the Circuit Court the Circuit Judge on the application of the law to the facts as shown by the record reversed the County Judge and directed entry of a proper judgment.

Inasmuch as the suit is a statutory summary proceeding in which a jury was waived and the judgment directed to be entered by the Circuit Court was the only judgment which could properly be entered under the law and the

facts, we think the disposition by the Circuit Court and the judgment entered was proper.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.