No. 15,428.

ANDERSON *v.* CYKLER.
(143 P. [2d] 687)

Decided November 22, 1943.

Mr. EARL J. HOWER, Mr. C. C. CONANT, for plaintiff in error.

Mr. CARL CLINE, Mr. HYMAN A. GOODSTEIN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

PLAINTIFF in error, defendant in the trial courts, seeks here reversal of an adverse judgment of the county court of Jefferson county in an unlawful detainer action instituted by defendant in error, plaintiff below. For convenience, the parties herein are designated as plaintiff and defendant.

For a number of years prior to the year beginning March 1, 1943, and ending March 1, 1944, plaintiff had leased to defendant by a written lease certain ranch property, the right to possession of which is here in controversy. The property was acquired by plaintiff, two brothers and a sister, by inheritance from their father, and plaintiff represented his three co-owners as agent, or trustee, in renting the land.

It appears from the record, and is not disputed, that during the years that plaintiff and defendant sustained the relationship of landlord and tenant, various written leases were entered into. Two were introduced in evidence. There were, through the years, various changes in the amount of annual rental, and in the times of payment. At times a new lease was prepared and signed, and on several occasions, it was merely agreed between the parties that the terms of the previous year's lease, with any modifications orally agreed upon as to amount of rent and time of payment, would continue in effect. The written leases contain a provision as follows: "13th. It is further understood and agreed that in case first party sells the property described herein before the first day of March, 1942, it or its assigns may declare this lease void and of no effect, by

giving second party thirty days notice and refunding to the party of the second part any and all rents that he may have paid in advance."

In April of 1943, plaintiff and his co-owners sold the property. Plaintiff served a thirty-day notice on defendant to surrender the premises in accordance with the foregoing term of the lease and tendered to defendant $225.00, the amount of rent theretofore paid by him in excess of the portion of the agreed rent required to pay on a pro rata basis to the termination date specified in the notice. Defendant refused to vacate, whereupon plaintiff instituted an action in unlawful detainer in a justice of the peace court which in due course resulted in a judgment in his favor and on appeal to the county court a like judgment was rendered.

Defendant set up by way of defense that a new verbal lease was entered into between himself and plaintiff for the year beginning March 1, 1943, which contained no termination clause in the event of sale. Plaintiff's version of the transaction is, that there was an agreement for an increase in rent with different times for payment and that otherwise, the previous year's lease containing the termination clause was continued in effect.

The only question raised by the specification of points for reversal is whether there was a new lease or whether the terms of the old lease, modified as to amount of rent and amount and time of payments, continued in effect.

The dispute between the parties is factual. They are not in disagreement as to the law. In the case of *Hallett v. Barnett,* 51 Colo. 434 (118 Pac. 972), we said: "It is elementary that, where a tenant for a term of years remains in possession, after the expiration of the term described in the lease, without any new contract authorizing him to do so, it is optional with the landlord to treat him as a trespasser or waive the wrong of holding over, and treat him as a tenant."

Defendant cites the case of *Hull v. Laugharn,* 3 Cal.

App. (2d) 310, 39 P. (2d) 478, 480, wherein the Court said: "The tenancy for years resulting from a holding over by consent of the landlord rests upon implication only. But when the parties have made an express agreement relating to the new tenancy, then there is no room for implication to operate, but a new lease comes into existence which will determine the rights of the parties."

Counsel for defendant says: "In the present case there can be no doubt but that a new lease was entered into each year between the parties and such lease, whether oral or written, must necessarily depend upon the terms of the lease as entered into each year."

We have carefully examined the record and are of the opinion that it is immaterial, under the court's finding and judgment, whether the tenancy for the year beginning March 1, 1943, be considered as continuing under the terms of the old lease including the covenant for termination, or whether there was a new verbal lease. If there was merely a holding over under the old lease—and the County Court was of the opinion that there was—under the rule announced in *Hallett v. Barnett, supra,* the covenant for termination remained in effect and the judgment of the county court must stand; but even if the tenancy be considered as one under a new verbal lease there is ample evidence on behalf of plaintiff, not very strongly controverted by defendant's testimony, that the matter of terminating the tenancy, in the event of sale, was discussed by plaintiff and defendant when the verbal agreement was made and that it was understood between them that the tenancy beginning March 1, 1943, was subject to termination on thirty days' notice and repayment of any excess rent paid in the event of sale. That the Court considered this alternative view, is clear from the language he used in rendering judgment. He first called attention to the fact that the clause in question was contained in all prior leases between the parties, and then said: *"If this clause did not follow through,* or this lease

did not hold over, then, of course, he [defendant] should have insisted upon a new lease and eliminated that provision." Evidently, the words, "new lease" as used by the Court, had reference, in the light of the record, to a new written lease which either party might have insisted upon, rather than leaving the terms of their agreement to be determined upon conflicting recollections of an oral negotiation. We think it clear that when the Court used the words above italicized, "if this clause did not follow through," that he meant, follow through into the new oral agreement, for that is the natural and logical meaning to be attributed to such words in the light of defendant's contention that there was a new lease, and the testimony contained in the record. It could not have escaped the attention of the Court that the parties had agreed verbally on a different amount of annual rental and different amounts and times of payment from those specified in the previous year's written lease. Had the Court not been of the opinion from the testimony that it was understood between the parties that the clause carried through into the new agreement, if such was the case, he surely would have recognized the power of the parties verbally to modify this clause, as well as the clauses for fixing the amount of rent and amounts and times of payment. We think it a fair construction of the language of the trial Court that, while of the view that the old lease held over, he also was of the view, and so expressed it, that the termination clause "followed through" into whatever arrangement the parties verbally entered into and that on either theory plaintiff was entitled to possession of the premises. The evidence, though conflicting, furnishes ample support for such a finding.

Judgment affirmed.

Mr. Justice Goudy not participating.