80 So.2d 317 (1955)
G.W. ROSAMOND, Appellant,
v.
H.J. MANN and Mary S. Mann, his wife, Appellees.
Supreme Court of Florida. Special Division B.
February 9, 1955.
Rehearing Denied April 14, 1955.
*318 Rogers, Bryan & Rogers, Jacksonville, for appellant.
Charles T. Boyd, Jr., Jacksonville, for appellees.
HOBSON, Justice.
This is an appeal by the plaintiff from an order of the circuit court dismissing a complaint for failure to state a claim in the minimum amount cognizable within the jurisdiction of that court. The total ad damnum stated was $6,500. The court's order of dismissal was predicated upon the theory that since the matter contained in paragraphs 1-10 of the complaint was not actionable, and paragraphs 11-13 thereof would state a claim for only $1,500, the complaint must be dismissed, without prejudice to plaintiff to pursue his remedies in the proper court.
Appellant contends that the circuit judge's premise that paragraphs 1-10 of the complaint failed to state an actionable claim was error, and the sufficiency of the matter therein alleged is the only issue before us.
In the portion of the complaint thus under scrutiny, plaintiff alleged that he owned certain premises in Duval County upon which a package store was located. On May 14, 1946, plaintiff obtained a liquor license, which was kept current at all times thereafter, with various transfers reflecting the names of successive tenants of the package store. The first tenant was one Proctor, who assigned his leasehold interest to Ogilvie, who entered a new lease with plaintiff lessor on May 1, 1950, the said lease to run for a term of three years. Ogilvie assigned the lease to defendants (appellees here), H.J. and Mary S. Mann, and a memorandum of this assignment was made by plaintiff and H.J. Mann. The lease, a copy of which was attached to the complaint, provided for a monthly rental at $150, and contained, inter alia, the following provisions:
"The liquor license can not be sold outside or removed from this place of business.
"* * * * * *
"If future transfer of package store license is made, it is agreed to be first offered to Lessors."
After the three-year term of the lease expired, defendants held over, and with no new agreement continued to pay to the plaintiff the monthly rental of $150 for May, June, July, August and September, 1953, and when they paid the rent for September they notified the plaintiff that they would vacate the premises before October 1, 1953, as they did.
*319 Unknown to the plaintiff at the time, the complaint continued, defendant H.J. Mann on or about June 30, 1953, had, through the State Beverage Department, secured a transfer of the liquor license away from defendant's premises to a different location in Duval County, in violation of the terms of the lease. On learning of this transfer, plaintiff, on or about September 2, 1953, demanded of Mann that he immediately restore the license to plaintiff's premises or pay plaintiff a fair price for it. Mann refused. The fair market value of the license was alleged to be $5,000, which was the amount of damages claimed for the alleged wrongful transfer.
Appellant contends that the covenants of the lease applicable to the transfer, sale or removal of the liquor license survived the expiration of the stated term of the lease, while appellees take the position that the lease had expired for all purposes when the challenged action was taken.
In House v. Cotton, Fla., 52 So.2d 340, we held that a liquor license is valuable, assignable property, and that a covenant in a lease to re-assign a liquor license to the lessor upon the lease's termination is specifically enforceable in equity. In that case we discussed the characteristics of such a license. The lessee's covenant in the instant case to first offer the license to the lessor if "future transfer" was made is greatly similar to a covenant to re-assign the license to the lessor, and the prohibition against selling the license "outside" or removing it from the premises lends additional strength to the lease herein. If a lessee violates such provisions while the lease is in effect, certainly the lessor can elect to sue at law for damages, as has been done in the instant case. But may such covenants survive the expiration of the term of the written lease?
The basic rule of law applicable to conditions of hold-over tenancy is well stated in 32 Am.Jur., Landlord and Tenant, Sec. 948, as follows:
"The character, terms, and conditions of a holding over may be governed by an express provision in the original lease or by a new arrangement entered into between the landlord and the tenant. In the absence of such a provision in the original lease or new arrangement governing the holding over, the general rule is that the tenancy arising from the tenant's holding over with the consent of the landlord is presumed to be upon the same covenants and terms as the original lease, so far as they are applicable to the new tenancy." (Footnotes omitted.)
This rule is well supported by authority. See the cases cited at 32 Am.Jur., p. 798, n. 3. See also Anderson v. Cykler, 111 Colo. 510, 143 P.2d 687; Hall v. Henry J. Robb, Inc., D.C.Mun.App., 32 A.2d 707; Cottrell v. Gerson, 371 Ill. 174, 20 N.E.2d 74; Smith v. Gulf Refining Co., 57 Ohio App. 73, 11 N.E.2d 706; and Peterson v. McNeely, 125 Pa.Super. 55, 189 A. 765. See also annotations at 156 A.L.R. 1310, 1316, and 19 A.L.R. 1408.
Certainly the provisions here under consideration were "applicable to the new tenancy" unless the rule is changed by F.S.A. § 83.04, which provides in part that a hold-over tenancy after a written lease without written renewal shall be a tenancy at sufferance, "but if such holding over be continued with the written consent of the lessor then such tenancy shall become a tenancy at will under the provisions of this law." (Italics added.) F.S.A. § 83.04 was originally enacted as Sec. 4 of Laws 1905, c. 5441. The word "written", italicized above, was added by Laws 1931, c. 15057. The 1931 act was in five sections, Sec. 1 of which purported to amend Sec. 1 of the 1905 act (now incorporated in F.S.A. § 83.01) by providing that any lease not in writing and signed by the lessor would be a tenancy at sufferance. The character of a tenancy at sufferance under Sec. 1 of the 1931 act was commented upon in several cases, e.g., Brady v. Scott, 128 Fla. 582, 175 So. 724; Pinellas Theatres v. Brach, 118 Fla. 320, 159 So. 867; and Pillans & Smith Co. v. Lowe, 117 Fla. 249, 157 So. *320 649. Ultimately, however, this section was held unconstitutional, because not germane to the title of the original act, in McCord v. Connor, 132 Fla. 56, 180 So. 519, and the opinion in that case specifically declared Sec. 1 of the 1905 act to be in full force and effect.
The constitutionality of the 1931 amendment to F.S.A. § 83.04, supra, is not raised, and we express no opinion concerning it. The above history is included as prefatory to the observation that most if not all of the construction heretofore given in Florida to the term "tenancy at sufferance" has been under the statute subsequently held unconstitutional, and so far as we are informed Sec. 83.04 has never before been construed.
Statutes such as Sec. 83.04, rendering a hold-over tenancy one at sufferance are not uncommon. See the statutes from several jurisdictions collected in Jones on Landlord and Tenant, Secs. 231-250. In these statutes, the term is not always used in the strict sense which it bore at common law, Jones, supra, Secs. 229, 230, and cases cited.
The best reasoned and most helpful case we have found upon the subject is Hampton v. Mott Motors, D.C.Mun.App., 32 A.2d 247. In that case the court had before it a section of the District of Columbia Code which was much stronger than F.S.A. § 83.04, supra, providing unequivocally, inter alia, that all hold-over tenancies "shall be deemed estates by sufferance". D.C. Code 1940, § 45-820. The question before the court was whether or not a provision in the expired written lease that the tenant should "`make all exterior and interior repairs to the premises hereby demised as may be needful'" could be enforced against the hold-over tenant. In answering this question in the affirmative, the court held that the statute did "not have the effect of releasing either the landlord or the tenant from the implied obligation that the holding over is subject to all the covenants and terms of the original lease applicable to the new situation." 32 A.2d 247, 248.
By reducing a hold-over tenancy to one at sufferance, where in the absence of statute it might be a tenancy at will or for years, the legislature could not, in enacting F.S.A. § 83.04, have intended the result reached by the court below in the instant case. So to construe the statute would be to permit the tenant to set a trap for the landlord, whereas the statute, giving the tenant a status below that which he would normally have enjoyed at common law, was plainly intended to benefit the landlord. We are of the opinion that reason, authority and manifest justice compel the conclusion that the tenancy created by the holding over in the instant case carried with it an obligation on the part of the tenant not to breach the provisions which we have previously quoted pertaining to the liquor license. It follows that the judgment appealed from must be reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
MATHEWS, C.J., and TERRELL and THOMAS, JJ., concur.