123 So.2d 277 (1960)
Carrie Louise WINGERT, a Widow, Appellant,
v.
John F. PRINCE and Anna Belle Prince, Appellees.
No. 1657.
District Court of Appeal of Florida. Second District.
August 10, 1960.
Rehearing Denied October 3, 1960.
Yergey & Yergey, Orlando, for appellant.
James M. Russ, Orlando, for appellees.
*278 GERMANY, JOHN, Associate Judge.
On June 5, 1949, John F. Prince entered into a written lease with Floyd M. Wingert wherein Wingert leased to Prince a portion of the land involved in this proceeding and condemned by the State Road Department. This lease was for a term of one year with an option to renew for an additional year. It provided, among other matters, that Prince would erect a frame building and all the necessary equipment and installations at his own expense and that Prince had the right to remove all buildings and equipment at any time or at the termination of the contract.
Wingert died and his widow, Carrie Louise Wingert, succeeded to the ownership of the premises in question, subject to the terms of the written lease. After the term of the written lease had expired the Princes remained in possession, paying rent on a month to month basis. This month to month tenancy continued from the time of the expiration of the written lease to June 15, 1959. On May 8, 1959, the State Road Department filed its petition seeking to condemn certain lands of which the demised premises was a part or parcel. The State Road Department sought to condemn "* * * the fee simple, absolute title" of the property in question free and clear of all rights, titles, claims or interest. The Princes were made defendant to this suit.
On June 3, 1959, the Princes filed their answer, alleging they had an interest in the land sought to be condemned, that they owned all the buildings and improvements located on the parcel in question, and that they had a leasehold interest which leasehold interest would expire in 1960, under the terms of which they claimed they had the right to remove the buildings and improvements located on the premises.
A trial was had in September of 1959 and the Jury returned a verdict fixing the value of the entire Wingert tract taken at $81,000.
On September 4, 1959, the Princes filed a petition seeking a determination of their rights in respect to compensation as owners of certain property located on the parcel taken and an apportionment of the compensation awarded by the Jury to Mrs. Wingert as the fee owner of the land taken.
Later an amended petition was filed which, in effect, re-alleged that the building upon the property taken belonged to the Princes and that the building was upon the real estate at the termination of the lease by the taking, that the Jury returned a verdict awarding Mrs. Wingert compensation for the taking of the land which included the buildings, fixtures, furnishings and improvements owed by the Princes.
An answer was filed by Mrs. Wingert to the effect that if the Princes had the right to remove the improvements, they failed to do so and Mrs. Wingert was under no obligation to protect the interest of the Princes in the property and denied that the Jury award included the value of the improvements. The parties, without objection, proceeded under the provisions of F.S. § 73.12, F.S.A.
This condemnation proceeding was instituted in May, 1959, at which time 73.12 provided, "* * * The court upon appropriate petition shall determine the rights of any mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict." The Legislature of 1959 amended Section 73.12 to read as follows:
"The compensation awarded by the jury shall be determined as a whole, irrespective of the interest of the various parties in such parcel. The court upon appropriate petition shall determine the rights of any owners, lessees, mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict, and the method of apportionment among interested parties together with the disposition of any other matters arising from the taking."
It would seem that the question relating to the apportionment of the jury *279 award should be made before the court without a jury after the main proceeding. In any event, both parties agreed to the submission of the question to the court without a jury and the appellant is not now in a position to complain of the lack of a jury trial.
The Princes remained in possession after June, 1951, the term provided for in the written lease, paying rent from month to month to and including June, 1959. The trial judge construed this to be a tenancy from month to month while the attorneys for the appellant and appellees are both agreed that the Princes were tenants at sufferance. As no award was made for any leasehold interest, it becomes moot for this court to determine the question of tenancy.
The judge awarded compensation to the Princes for the value of the buildings in the sum of $2,993.68, and while there is evidence in the record to the effect that the buildings were of little, if any, value, there is also evidence in the record to support the finding and award made by the trial judge.
It is the contention of the appellant that the appellees were not entitled to any compensation for the value of the improvements on the premises. It is the further contention of the appellant that while the appellees may have had the right to remove the buildings and equipment, "at any time or at the termination of their contract," such right terminated when the lease expired in June of 1951. The general rule seems to be that the tenancy arising from the tenants holding over with the consent of the landlord is presumed to be upon the same covenants and terms as the original lease so far as they are applicable to the new tenancy. See 32 Am.Jur., Landlord and Tenants, Section 948; see also Rosamond v. Mann, Fla. 1955, 80 So.2d 317, 318, 49 A.L.R.2d 476.
"Statute providing that a holdover tenancy after written lease but without a written renewal shall be a tenancy at sufferance, but if such holding over be continued with written consent of lessor then tenancy is a tenancy at will, does not release either landlord or tenants from implied obligation that holding over is subject to all covenants and terms of original lease applicable to new situation."
The decree of the lower court is affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.