HENDRY, Chief Judge.
This is an appeal by the defendant, Leaders International Jewelry, Inc., from a final judgment of the Civil Court of Record of Dade County, for removal of tenant, in which it was determined that plaintiff, Board of County Commissioners of Dade County, Florida, acting as the Dade County Port Authority, recover possession of certain premises occupied by the defendant.
Defendant is an operator of a gift and jewelry store occupying premises located in the terminal building of the Miami International Airport. Defendant went into possession under an assignment of lease wherein the plaintiff is the landlord. Said lease terminated by its expiration on November 1, 1964. Prior to the expiration of the lease, plaintiff advertised for bids on a new lease. Defendant bid for a renewal of said lease, but was subsequently rejected in favor of the high bidder. On October 30, 1964, the defendant tendered rent for the month of November, 1964, which was accepted and a written receipt issued. Defendant was officially notified, at a meeting of the plaintiff held on November 3, 1964, that it was not the high bidder. At this meeting a motion was passed by the plaintiff that the director of the Port Authority be instructed and authorized to allow, with the permission and consent of the high bidder, a maximum of not to exceed thirty days for the transition between old and new concessionaires. Thereafter plaintiff notified the defendant by letter dated November 18, 1964, that permission to remain in possession of the premises is terminated effective November 18, 1964, and possession to be surrendered by November 23, 1964.
Plaintiff, on November 30,1964 petitioned the lower court to remove the defendant from possession of the premises. The defendant requested the court to dismiss the petition and alleged that proper statutory notice of termination has never been served upon it.
The defendant presents two points for our determination on this appeal. The first is whether the Civil Court of Record of Dade County has jurisdiction in landlord and tenant actions.
The argument of defendant on this point attempts to present a conflict between § 33.02, Fla.Stat., F.S.A. (1925) which is a grant of jurisdiction to civil courts of record generally and is silent regarding statutory landlord and tenant proceedings and § 33.14, Fla.Stat., F.S.A. (1943) which con *244 cerns jurisdiction of civil courts of record in counties having a population of 260,000 or more and grants jurisdiction in such proceedings.
We perceive no such conflict and hold that proceedings for removal of tenant may be brought in the Civil Court of Record of Dade County by virtue of § 33.14, supra.[1]
Defendant’s second point is that the lower court erred in construing its possession of the premises after November 1, 1964 as a tenancy at sufferance under § 83.04, Fla. Stat., F.S.A. rather than a tenancy at will which would require a minimum length of notice under § 83.03, Fla.Stat., F.S.A., and which defendant alleges was not given.
Section 83.04, supra, reads as follows:
“When any tenancy shall have been created by an instrument of writing and the term of which such tenancy is limited therein shall have expired and the tenant shall hold over in the possession of said premises without renewing the said lease by some further instrument of writing then such holding over shall be construed to be a tenancy at sufferance, and the mere payment or acceptance of rent shall not be construed to be a renewal of the said term, but if such holding over be continued with the written consent of the lessor then such tenancy shall become a tenancy at will under the provisions of this law.”
It is the defendant’s contention that there were specific acts and acknowledgments of consent of the plaintiff, which taken either jointly or severally constitute the consent and permission required under the above statute which resulted in a tenancy at will. These acts were the acceptance of the rent of November, 1964 and the issuance of the written receipt therefor, the retention of this rent until November 18, 1964, the permission to remain in possession which was acknowledged by a motion passed at plaintiff’s meeting of November 3, 1964, and its letter of November 18, 1964 terminating possession, and finally the summons to the defendant in which the plaintiff alleges that the defendant is a tenant at will.
We cannot agree that these actions taken either alone or as a whole constitute a written consent required under § 83.04, supra. While permissive occupancy is generally inconsistent with a tenancy at sufferance the Legislature has by § 83.04, supra, reduced a hold-over tenancy to one at sufferance, where in the absence of such a statute it might be a tenancy at will or for years.[2] The evidence in this case clearly establishes that there was no intention on the part of the plaintiff to create a new lease with the defendant, and this fact was conveyed to the defendant. Plaintiff granted permission to the defendant to remain in possession of the premises with the consent of the high bidder for a period not to exceed thirty days only for the convenience of the defendant to permit an orderly removal of its property. The Legislature has, in its wisdom, recognized that a hold-over tenant who is already in possession might create a situation such as that presented here and by § 83.04, supra, declared the possession to be a tenancy at sufferance.
It follows that the lower court was correct in its determination that the plaintiff recover possession of the premises in question from the defendant.
Accordingly, the judgment is affirmed.
Affirmed.

. Placid York Co. v. Calvert Hotel Company, Fla.App.1959, 109 So.2d 604.

. Rosamond v. Mann, Fla.1955, 80 So.2d 317, 49 A.L.R.2d 476.