WILLIAMS, GENE, Associate Judge
(dissenting).
In my opinion it has not been shown that the chancellor in his rulings on questions of fact and equitable principles was in error. Historically, zoning ordinances, based on police power, are exceptions to the oldest basic rights of the individual, rights of property and the uses thereof, and can only be maintained for the protection of public health, safety or welfare. Restraints of competition or trade cannot be the basis for the maintenance of a zoning ordinance or variance thereof. Unfortunately, these basic premises have sometimes become clouded in the rapid development of the comparatively new segment of law dealing with zoning. I am cognizant of the case of Keating v. State ex rel. Bernard Ausebel, Fla.App., 167 So.2d 46, that seems to indicate that in Florida a competitor has some sort of right in a zoning ordinance which can be adjudicated and enforced by the courts. That case is such a departure from heretofore established principles of property rights that I would only apply the holding of that case to the particular circumstances cited therein.
Victor Scarpelli, original owner of the beverage license, was put out of business by eminent domain proceedings, and it is un-contradicted that there was no place in the City of Miami that he could take his license without obtaining a zoning variance. These facts would entitle him to a zoning variance at some place otherwise approved by the Zoning Board or City Commissioners of Miami. Dade County v. Pepper, Fla.App., 168 So.2d 198. His beverage license was a valuable assignable property. Rosamond v. Mann, Fla., 80 So.2d 317, 49 A.L.R.2d 476. Scarpelli assigned his license to appellee, J & R Restaurant Corp., who applied for a variance in its own name. On the basis of the foregoing cases, if Scarpelli had acquired a leasehold or other interest in the property in question, he could have been granted a variance by the City of Miami. The chancellor, in the first part of his order, found that J & R Restaurant Corp., did not have a hardship, however, in the remainder of the order he obviously found for ap-pellees on the basis of Scarpelli’s hardship and that it was immaterial whether the application was made in the name of assignor Scarpelli or assignee J & R Restaurant Corp. Where evidence reasonably supports findings of chancellor, his conclusions will not be disturbed. I see no error in the holding of the chancellor and must respectfully dissent.