MANN, Judge.
After the expiration of a five-year lease with option to purchase entered into in 1961 appellees sold the property to the lessees, who had held over. Appellant, who had negotiated the lease, was paid a commission on the lease rental and claimed a commission on the subsequent sale. The option price was $85,000.00 less one-half of the rental payments to date of exercise. During the term of the lease the owners expressed a desire to sell. Appellant advised waiting until the lessee, which operated a motel for which the leased property served as a parking lot, came to them. On several occasions appellant claims to have mentioned to the lessee its need for the property, but did not actively pursue the matter. Lessee offered lessors $50,000.00 and then $57,000.00. Ten days after the option expired lessee advised Braun that it had a prospect for a restaurant on one end of the property and wanted their lowest price. Mr. Braun offered a price lower and terms better than the option had provided, and within a few minutes they made a deal.
The depositions, on which the case was submitted, do not show clear proof of conspiracy or secret negotiation. The appellant relies on Moylan v. Estes, 102 So.2d 855 (Fla.App.1958) and Oro Verde Groves, Inc. v. Fuchs, 136 So.2d 12 (Fla.App.1962), but these cases are founded on more substantial evidence than is before us. Clearly the broker was not actively trying to effect a sale during the last year of the lease.
Appellant also alleges that, since the lessee held over, the terms of the agreement were still in effect. This may well be true of the terms as they affect the tenancy, but the option had expired and was not exercisable. Rosamond v. Mann, 80 So.2d 317 (Fla.App.1955), annotated at 49 A.L.R.2d 476, and Wingert v. Prince, 123 So.2d 277 (Fla.App.1960), hold that certain incidents of the agreement survive the termination of the lease. These are logical decisions. The owner would not be expected to give up his rights relative to - the alcoholic beverage license in Rosamond, nor would it be sensible to require the tenant to remove buildings before termination if he holds over by mutual consent, as in Wingert. But, just as obviously, the tenant cannot extend the duration of his option to purchase by holding over, and the owner should not be required to evict the tenant whose occupancy he is willing to suffer because of an option agreement expiring with the lease. Most courts that have been faced with this precise question have reached this result. See the extensive annotation at 15 A.L.R.3d 470, 489 et seq. Thus appellant’s contractual right to a commission expired with the option.
Affirmed.
ALLEN, A. C. J., and HOBSON, J., concur.