PER CURIAM.
This is an appeal taken by the seller of real property from an adverse final judgment of specific performance, as amended, entered by the trial court below in favor of the buyer of said realty. We have carefully and painstakingly examined the evidence adduced at the trial below to determine whether sufficient evidence was presented to support the final judgment. We conclude that no such evidence was presented in this record and reverse.
The law is well-settled that “in a suit for specific performance of an alleged contract for the sale of real estate the plaintiff must do more than merely prove his case by a preponderance of the evidence, but he must prove the contract as alleged in his complaint by competent and satisfactory proof which must be clear, definite and certain.” Miller v. Gardner, 144 Fla. 339, 198 So. 21, 23 (1940), quoted with approval in Miller v. Murray, 68 So.2d 594, 596 (Fla. 1953); see also Hi-Acres Groves, Inc. v. Bassett, 338 So.2d 1076, 1077 (Fla. 4th DCA 1976); Scott v. Anchor Inn Apartments, Inc., 282 So.2d 640 (Fla. 1st DCA 1973). Stated differently, “the granting of a final decree in a specific performance suit requires that the proof be clear, competent, and satisfactory. This test imposes a greater degree of proof than that required under the preponderance of evidence rule.” Humphrys v. Jarrell, 104 So.2d 404, 410 (Fla. 2d DCA 1958). This law applies with particular force to a parol contract where the requirements of definiteness, certainty and completeness are especially applicable. 29A Fla.Jur., “Specific Performance” § 27, at *384 613 (1967); see Muller v. Gables Racing Ass’n, 142 Fla. 834, 196 So. 864, 867 (1940).
In the instant case, suit was brought by the buyer Aaron Goldman seeking specific performance on a written contract, as orally modified, for the sale of real property against the sellers Isaac Muhtar and Hilda Rosenblatt. The case here turns on the alleged oral modification of the contract, for it is asserted that the sellers breached this oral modification. At trial, the parties hotly contested whether any such oral modification had taken place. The written contract herein specifically provided that the sellers’ liability for premises repairs was limited to $1,000. Notwithstanding this contractual provision, the buyer Aaron Goldman testified below that sometime pri- or to October 4, 1979, the intended closing date here, he had a conversation with Leon Rosenblatt — the seller Hilda Rosenblatt’s son and manager of the subject apartment premises — wherein it was agreed that the sellers would put $10,000 in escrow for any repairs which might be needed for the sub-' ject apartment building; no additional consideration was apparently agreed upon for this alleged escrow promise. Leon Rosen-blatt, in turn, flatly denied this testimony and stated at trial that he at no time made any such agreement. It is undisputed that the closing broke down in this case when the sellers denied any verbal agreement to escrow $10,000 for premises repairs and would only put up $1,000 for such repairs in accord with the written contract. The buyer refused to close on that basis and subsequently brought this suit.
We conclude, after a careful examination of the record, that the buyer Aaron Goldman did not prove by the requisite burden of proof required in specific performance cases that the written contract here was orally modified so as to require $10,000, instead of $1,000, for premises repairs. The oral modification was not established below by competent and satisfactory proof which was clear, definite and certain; on the contrary, the proofs presented below on this issue were thin, contradictory, and in no way enough to satisfy a burden greater than a preponderance of the evidence. The sole evidence below of the existence of the subject modification was the uncorroborated testimony of an interested witness, the buyer Aaron Goldman; that testimony, in turn, was flatly denied by the sellers’ alleged agent Leon Rosenblatt. The asserted modification was entirely parol and was in no way reduced to or evidenced by a writing of any kind. Moreover, no additional consideration was given for this alleged change from the written contract, although one might have expected same, given the substantial nature of the asserted change. And, finally, the sellers denied the existence of the oral modification at the closing in this case when they were first informed of same. Under these circumstances, we cannot say that the alleged oral modification to the subject contract was established below by the requisite degree of proof necessary to support , a specific performance decree.
The final judgment of specific performance under review, together with the incidental damages awarded therein, is, accordingly, reversed and the cause is remanded to the trial court with directions to enter a judgment in favor of the defendant sellers Isaac Muhtar and Hilda Rosenblatt.
Reversed and remanded.