ALTENBERND, Judge.
W.J. Gross and Ted Doman, as owners of a condominium unit in Naples, Florida, appeal a final judgment which granted H.J. Bartlett, as tenant, the right to specifically enforce an option to purchase the condominium unit. The option was appended to the parties’ lease. The trial court granted specific performance upon a determination that the lease had been renewed for a second year and that the renewal of the lease extended the term of the option to purchase. We reverse because the parties’ contract did not clearly create an automatic right of renewal for the tenant. Without an automatic renewal, in the absence of a notice of renewal by the tenant, the tenancy became a tenancy at will in the second year. Because the option to purchase was not a term of the lease which affected the tenancy, it did not become a portion of the tenancy at will and was no longer enforceable by specific performance. Gower-Goheen Realty, Inc. v. Braun, 215 So.2d 499 (Fla. 2d DCA 1968).
The parties to this lawsuit are Minnesota citizens and reside in the Minneapolis-St. Paul metropolitan area. In 1983, Mr. Gross and Mr. Doman purchased the condominium unit in Naples, Florida, for approximately $179,000. On October 15, 1985, they entered into an unusual lease agreement with Mr. Bartlett. Although the condominium unit is clearly a dwelling unit governed by the Florida Residential Landlord and Tenant Act, section 83.40 et seq., Florida Statutes (1985), Mr. Bartlett selected a form apartment lease which was designed to comply with the laws of Minnesota. With the help of his son, Mr. Bartlett prepared an addendum to the form lease which is entitled “Exhibit A.” The form lease provides for a term of one year, to commence on October 15, 1985. As consideration, Mr. Bartlett agreed to pay $1 per month and to furnish the unit with utensils, linens, and furniture. The written lease contains no minimum or maximum monetary amount of furnishings which would be required as rent. The evidence reflects that Mr. Bartlett provided between $10,000 and $20,000 in furnishings.
As a portion of “Exhibit A” to the form lease, Mr. Bartlett was given a right of first refusal to purchase the unit if the owners received a bona fide offer from a third party. He also received an option to purchase the unit for $179,000 if the owners did not receive a bona fide offer from a third party.
Concerning the right of renewal, the lease states:
9. TERMINATION. Lessee agrees to give Lessor 30 days written notice before the expiration of this lease of Lessee’s intention to vacate at the end of this lease, otherwise Lessor will have the option of continuing this lease for One year* from such expiration, and any subsequent expirations. This renewal provision shall be valid only if Lessor or their agent, within fifteen (15) days prior to the time that Lessee is required to furnish notice of his intention to quit, but not more than thirty (30) days prior thereto, has given to Lessee written notice, served personally or by registered mail, directing Lessee’s attention to this renewal provision.
The addendum to the lease added the following relevant language concerning renewal:
6. In the event the unit is not sold to a third party within the first one year term Lessee shall have the right to renew the *663 lease as specified in section 9 of this lease with the exception that Lessor may cancel the second year lease with a 30 day notice to Lessee if the unit is sold to a third party at any time during the term of the second year.
Although entitled “Termination,” the language of these provisions is based on a Minnesota statute which regulates automatic renewal provisions. Minnesota law provides that “no person” shall have the right to enforce an automatic renewal clause unless the lessor provides notice of the automatic renewal provision “within fifteen (15) days prior to the time that Lessee or Tenant is required to furnish notice of his intention to quit_” Minn.Stat. § 504.21 (1984).
It is undisputed in this case that the owners did not provide notice of any intent to enforce the automatic renewal clause during the period described in the lease. The tenant also gave no notice of his intention to renew the lease in October 1986. Instead, the tenant simply continued to occupy the premises. The record contains disputed testimony that Mr. Bartlett told the owners in the fall of 1986 that he did not intend to purchase the unit and, thus, the owners removed the unit from the market. The record, however, contains undisputed testimony that Mr. Bartlett offered to purchase the unit for $190,000 at a time he now contends the lease and less expensive option were in effect.
In May 1987, Mr. Bartlett notified the owners of his desire to exercise the option to purchase the condominium unit for $179,000 under the lease agreement. The owners took the position that the option to purchase was no longer enforceable. The tenant filed this action to specifically enforce the option a few days after the purported expiration of the second year of the lease under the renewal.
We do not believe, as a matter of Florida law, that the cryptic language of the addendum, in referring back to paragraph 9 of the form lease, gave the tenant a right to renew the lease without providing some notice to the owners. Paragraph 9 of the form agreement merely gave the tenant a right to terminate the lease upon written notice. It provided no procedure for renewal of the lease without a written notice from one party or the other. We will not insert an automatic renewal clause for the benefit of the tenant into a lease which was selected and drafted by the tenant and which clearly attempts to prevent automatic renewals without notice. When neither party attempted to.renew the lease at the end of the first year, the tenancy simply became a tenancy at will.[1] At that point, the duration of the tenancy became month to month because the rent payments were due monthly. § 83.46(2), Fla.Stat. (1987).
The equitable remedy of specific performance may be granted only where the parties have actually entered into a definite and certain agreement. Mintzberg v. Golestaneh, 390 So.2d 759 (Fla. 3d DCA 1980). This exceptional remedy requires evidence which is clear, competent, and satisfactory. Muhtar v. Goldman, 419 So.2d 383 (Fla. 3d DCA 1982), review denied, 430 So.2d 451 (Fla.1983). While Mr. Bartlett may have had a definite and certain agreement to exercise his option at the end of the first year, his right is not definite and certain during the second year.
The trial court correctly ruled that an option to purchase is extended when a party exercises an option to renew a lease. Sisco v. Rotenberg, 104 So.2d 365 (Fla. 1958). An option to purchase, however, *664 does not typically become a provision of a tenancy at will following the termination of the lease. Gower-Goheen Realty, 215 So.2d at 499; Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982). Since this case involves a tenancy at will following the expiration of the one-year term of the lease, the trial court incorrectly enforced the option.
Reversed and remanded for proceedings consistent herewith.
THREADGILL, A.C.J., and PATTERSON, J., concur.

 See Exhibit “A"

. The entitlement to specific performance of an option to purchase Florida real estate contained in a Florida lease is clearly a question which is governed by Florida law. Nevertheless, since the tenant elected to use a Minnesota form document based on Minnesota statutes as the basic agreement to which he attached his option, it seems appropriate to examine' Minnesota law for helpful persuasion on the interpretation of the lease’s renewal provision. The only Minnesota decision interpreting section 504.21, Minnesota Statutes (1984), suggests that no person, including a tenant, may enforce an automatic renewal clause if the lessor fails to provide notice of the automatic renewal provision near the end of the lease. Mid-Continent Management Corp. v. Donnelly, 372 N.W.2d 814 (Minn.App.1985). It is apparent that a Minnesota court would declare that the parties had not renewed the lease and would hold that the tenancy became a tenancy at will at the conclusion of the first year.